BASKIN, Judge.
K.M., a juvenile, appeals the trial court’s adjudication of delinquency for possession of cocaine with intent to sell. We affirm.
First, we decline to consider K.M. s contention that the trial court abused its discretion in permitting the narcotics officers to testify concerning the packaging of the cocaine. Because the specific legal ground argued on appeal was not presented to the trial court, K.M. has not properly preserved that point for review. Tillman v. State, 471 So.2d 32, 35 (Fla.1985). Second, the adjudication of delinquency is supported by substantial competent, albeit circumstantial, evidence. Although the small quantity alone is not sufficient circumstantial evidence to prove intent to sell, McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989), additional evidence supports the trial court’s finding that K.M. intended to sell the cocaine. See e.g. United States v. Robinson, 870 F.2d 612 (11th Cir.1989). Finally, the record supports a trial court determination that the evidence excluded every reasonable hypothesis but that of K.M.’s guilt. See G.D. v. State, 497 So.2d 1318 (Fla. 3d DCA 1986). The state presented evidence — the officers’ expert testimony and the packaging of the drugs — from which the trial court could have concluded that K.M. intended to sell the cocaine and rejected K.M.’s contention that he merely possessed the drugs for his own use. Robinson.
Accordingly, we affirm the adjudication of delinquency for possession with intent to sell cocaine.