PER CURIAM.
The respondent appeals an adjudication of delinquency for possession of cannabis with the intent to sell after a denial of his motion for judgment of acquittal.
In this case the juvenile was observed in actual possession of a large brown paper bag in which was found five little brown paper bags which in turn contained several manila envelopes bearing a total amount of 29.8 grams of marijuana. The respondent dropped the bags and ran from one room of the house to another when the police arrived to execute the search warrant. This fact supports the conclusion that the respondent knew that the packages contained marijuana. Further, the juvenile was arrested on the premises where a marijuana purchase had been made the previous day by an undercover officer in which the same types of packages had been used.
There is sufficient circumstantial evidence of the juvenile’s intent to sell the marijuana. The large amount of marijuana and the way it was packaged supports the inference that it was not intended for defendant’s personal use but rather for resale. See Evans v. State, 368 So.2d 58 (Fla. 1st DCA 1978) (inference that marijuana was not for personal use but rather for resale arises from the way it was packaged); K.M. v. State, 545 So.2d 464 (Fla. 3d DCA 1989) (packaging in addition to quan *135 tity of drugs is circumstantial evidence of intent to sell).
Affirmed.