566 So.2d 878 (1990)
C.L.L., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2916.
District Court of Appeal of Florida, Third District.
September 11, 1990.
Bennett H. Brummer, Public Defender, and Robert Burke, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Avi Litwin, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and COPE, JJ.
PER CURIAM.
C.L.L. appeals his adjudication of delinquency for possession of cocaine with intent to sell. He concedes that the evidence was sufficient to convict him of possession, but contends that the evidence does not exclude a reasonable hypothesis of innocence with respect to the charge of possession with intent to sell, namely, that he possessed the contraband for personal use. We agree.
C.L.L. was stopped by a police officer initially because there was probable cause to believe he had committed a trespass in an unoccupied trailer park. C.L.L. dropped a plastic bag which contained ten cocaine rocks, each packaged in an individual small zip-lock plastic bag. The ten cocaine rocks collectively weighed one gram.
At trial the police officer testified that the method of packaging used in this case is a common method of packaging rock cocaine. The officer did not testify that the quantity and packaging were indicative of an intent to sell, as opposed to holding the contraband for personal use. In other words, assuming arguendo that a seller might hold cocaine packaged in this fashion for purposes of sale, the record fails to negate the hypothesis that C.L.L. was a buyer who had purchased the cocaine for personal use. See McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989). The trier of fact could have considered appropriate *879 expert testimony on the point, but none was offered in this case.
The State relies on K.M. v. State, 545 So.2d 464 (Fla. 3d DCA 1989), but the ruling in that case depended not only on the packaging of the drugs but also the officer's expert testimony. The result we reach is consistent with both McCullough and K.M.[*] Accordingly, we reverse insofar as the trial court found that C.L.L. possessed cocaine with intent to sell, but affirm the adjudication of delinquency on the basis that C.L.L. had committed the lesser offense of possession of cocaine.
NOTES
[*] Indeed, K.M. relied on McCullough. 545 So.2d at 464.