579 So.2d 764 (1991)
Victor Levon BATEN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-979.
District Court of Appeal of Florida, Fifth District.
April 25, 1991.
Rehearing Denied June 4, 1991.
*765 James B. Gibson, Public Defender, and Paolo G. Annino, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Baten appeals from his sentence and conviction for possession of cocaine with intent to sell.[1] He argues that the evidence was insufficient to sustain his conviction for intent to sell, and that the trial court should have granted his motion for judgment of acquittal for that crime. We disagree and affirm.
Baten relies on McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989). Even if we agree with McCullough, we think it is distinguishable from this case. In McCullough, the court emphasized that the record before it contained no testimony (other than a lab technician's) that the amount of cocaine (15 rocks  61.5 grams) was more than a normal user would carry on his person. The lab technician testified that if the defendant in that case used the cocaine continuously, he had about 62 "doses", each of which might last from fifteen to thirty minutes. At thirty minutes per dosage, the defendant would have used all the total amount of cocaine he was charged with possessing in approximately one and one-third days, assuming no stopping for sleep or other normal bodily functions.
However, in this case there was additional testimony. Davis, the police officer who arrested Baten, testified he was part of a police "sweep" through Baten's neighborhood, trying to flush out juvenile drug dealers (primarily young black males) who, according to numerous community complaints, were selling drugs in the area. Baten met that description.
When Baten saw or was warned that the police were approaching, he ran towards Officer Davis, who was hiding out-of-view. Davis saw Baten dig up dirt and bury two baggies. Davis testified that it was not uncommon for dealers in this area to bury their drugs in the dirt.
Davis and another officer apprehended Baten, and Davis uncovered the baggies containing (respectively) eighteen and eight rocks of cocaine. Davis testified he had made over one hundred drug-related arrests. He said it was not uncommon for dealers to carry rocks of cocaine in baggies, not individually wrapped, although the rocks were usually individually wrapped. Baten's rocks were uniformly sized in the $10.00 to $20.00 per rock range in street prices.
Davis testified that most cocaine "users" carry only three rocks of cocaine on their person, maximum. Because Baten had so many rocks in two different baggies, of saleable, commercial street size, Davis was convinced Baten intended to sell them, not simply use them. Davis also testified he relied for that inference on the fact that Baten was a student, held no job, and had no income, but the value of the cocaine in his possession was, at least, $240.00.
AFFIRMED.
*766 COBB, J., concurs.
DAUKSCH, J., dissents without opinion.
NOTES
[1] § 893.13(1)(a), Fla. Stat. (1989).