616 So.2d 504 (1993)
Leroy BRUCE, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-1173.
District Court of Appeal of Florida, Third District.
March 16, 1993.
Rehearing Denied April 20, 1993.
Bennett H. Brummer, Public Defender and Pamela Beckham, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Scott Stoloff, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
SCHWARTZ, Chief Judge.
Bruce was observed attempting to hide thirteen rocks of crack cocaine and was convicted of possession with intent to sell the contraband. Although he concedes his guilt of simple possession, his primary point is that the evidence is insufficient to justify the conclusion that he intended to sell the cocaine, rather than use it personally. We disagree.
The fact that the defendant had as many as thirteen rocks, individually wrapped in clear plastic baggies, coupled with expert evidence of an experienced narcotics officer that the quantity involved indicated that the crack was for sale, was more than sufficient to justify the jury's conclusion that Bruce indeed held the cocaine for distribution. K.M. v. State, 545 So.2d 464, 464 (Fla. 3d DCA 1989) ("The State presented evidence  the officers' expert testimony and the packaging of the drugs  from which the trial court could have concluded that K.M. intended to sell the cocaine and rejected K.M.'s contention that he merely possessed the drugs for his own use."); Stoudermire v. State, No. 05-90-01081-CR, 1991 WL 219522, at *6 (Tex. App. Oct. 29, 1991) ("Officer McCoy testified that Stoudermire did not fit the typical user profile. He stated that Stoudermire's possession of thirteen rocks[1] is more consistent with a drug dealer profile. His expert testimony can be used to support the conviction."), review refused (Tex. Crim. App. February 12, 1992); Spriggs v. United States, 618 A.2d 701, 704 (D.C.App. 1992) ("As the government's expert testified, the quantity, packaging, and value of the drugs possessed by appellant (thirteen separate packets  eight packets of heroin and five packets of cocaine  worth approximately $470.00) was more consistent with an intent to distribute than with personal use."); see Baten v. State, 579 So.2d 764 (Fla. 5th DCA 1991), review denied, 589 So.2d 289 (Fla. 1991); K.J. v. State, 557 So.2d 134 (Fla. 3d DCA 1990). Compare McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989) (small quantity alone insufficient to prove intent to sell); C.L.L. v. State, 566 So.2d 878 (Fla. 3d DCA 1990) (evidence insufficient in absence of expert police testimony that quantity and packaging of drugs were indicative of intent to sell).
Affirmed.
NOTES
[1] This case presents an a fortiori situation, because the thirteen rocks in Stoudermire were in one single bag, rather than, as here, separately wrapped as if for sale.