644 So.2d 1376 (1994)
Antwain GAMBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2972.
District Court of Appeal of Florida, Fifth District.
October 14, 1994.
Rehearing Denied November 17, 1994.
*1377 James B. Gibson, Public Defender, and Nancy Ryan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Antwain Gamble files this consolidated appeal contesting his convictions and sentencing in two separate criminal cases. In case number 92-5309-CF-A, Gamble was charged and convicted of sale of cocaine within 1,000 feet of a school,[1] and possession of cocaine.[2] He was adjudicated guilty on both counts and sentenced to 20 years in the Department of Corrections ("DOC") on count I and 10 years in the DOC on count II. The sentences were to run concurrently. In lower case number 92-5310-CF-A, Gamble was charged and convicted of possession of a controlled substance with intent to sell or deliver in count I.[3] He was also charged with resisting arrest with violence in count II,[4] but was convicted of the lesser included offense of resisting an officer without violence. Gamble was adjudicated guilty on both counts and sentenced to 20 years in the DOC on count I and time served on count II. This sentence was to run concurrently with the sentence imposed in lower case 92-5309-CF-A. Gamble was also designated an habitual offender.[5] We affirm his conviction and sentence in lower case number 92-5309-CF-A. We also affirm his conviction and sentence on count II in lower case number 92-5310-CF-A. We reverse, however, his conviction and sentence for possession of a controlled substance with intent to sell or deliver in count I in lower case number 92-5310-CF-A.
Gamble had been arrested on a felony warrant issued for his criminal activities which led to the information filed in 92-5310-CF-A. During his arrest, Gamble struggled with the police and was placed in the rear of a patrol car. Because he struggled, he was not thoroughly searched at the time of his arrest. After he was removed from the back of the patrol car, a baggie containing 40 separate pieces of cocaine was found in the back seat. The cocaine weighed approximately 5.3 grams. Gamble also had over $600 on his person. The money was bundled in five separate stacks of $100. The remaining money was in his pockets.
The arresting officers testified that before they arrested Gamble, they removed and searched the rear seat area of the patrol vehicle. They found no contraband or controlled substance in the rear of the patrol vehicle prior to Gamble's arrest. After Gamble was removed, they found the controlled substance in the rear of the patrol vehicle. The arresting officers never observed Gamble trying to sell or deliver drugs. During the trial, Agent James T. Rocque was accepted over defense objection as an expert in street level drug transactions. He testified that, in his opinion, the amount of drugs found in Gamble's possession was inconsistent with personal use and was, therefore, intended for sale. He conceded on cross-examination that approximately 5.3 grams of cocaine could be within the realm of possibility for personal consumption, but he doubted it. Antwain Gamble was sworn and testified that the money in his possession came from gambling and that he had no knowledge of the cocaine found in the rear seat of the police vehicle. At the close of the defense case, Gamble's attorney asked the trial court to direct a verdict on the charge of possession of cocaine with intent to sell or deliver. The trial judge denied the motion. We reverse.
The testimony of Agent Rocque exceeded the limitations of expert testimony and invaded the province of the jury. Florida law allows an expert witness to testify if specialized knowledge will assist the jury in understanding the evidence or in determining a fact in issue, provided the testimony can be applied to the evidence at trial. *1378 § 90.703, Fla. Stat. (1991). The jury, however, was not aided by Agent Rocque's testimony. He did not assist them with his specialized knowledge in determining what factually occurred, rather his testimony allowed him to act as a judge and instruct the jury to find Gamble guilty as charged. § 90.704, Fla. Stat. (1991).
The state improperly relied on circumstantial evidence to convict Gamble. In order for a defendant to be convicted based on circumstantial evidence, the state's evidence must be sufficient to enable the jury to exclude every reasonable hypothesis of innocence. State v. Law, 559 So.2d 187, 188 (Fla. 1989); Fowler v. State, 492 So.2d 1344, 1347-48 (Fla. 1st DCA 1986), review denied, 503 So.2d 328 (Fla. 1987). Gamble was never seen by any officer with the plastic bag containing the cocaine. Cf. Baten v. State, 579 So.2d 764 (Fla. 5th DCA) (expert testimony along with the arresting officer's testimony that Baten was attempting to bury two separate plastic baggies with a total of 26 pieces of rock cocaine was sufficient for conviction), review denied, 589 So.2d 289 (Fla. 1991). Other than the amount, there was nothing unusual about the way the rock cocaine was packaged to suggest that it was for sale or delivery and not for personal consumption. Cf. Bruce v. State, 616 So.2d 504 (Fla. 3d DCA 1993) (expert testimony and 13 individually wrapped packages of cocaine were sufficient to support a conviction for possession with intent to sell). Gamble was convicted based upon the testimony of Agent Rocque that the amount was inconsistent with personal consumption. If the state is going to rely upon circumstantial evidence to convict Gamble, then the circumstances relied upon must lead only to the conclusion that Gamble is guilty. If there is another inference or conclusion that supports Gamble's view of the facts, then the case should not be submitted to the jury. Agent Rocque admitted that the cocaine could have possibly been meant for personal consumption. Since the only evidence the state presented to show intent to sell or deliver was the expert testimony of Agent Rocque, we cannot say this error was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
We reverse the sentence imposed for possession of a controlled substance with intent to sell or deliver. We remand with instruction to adjudicate Gamble guilty and to sentence him for possession of a controlled substance. There was sufficient proof to show he had possession of the cocaine. See Greene v. State, 625 So.2d 1293 (Fla. 5th DCA), cause dismissed, 630 So.2d 1099 (Fla. 1993).
AFFIRMED in part; REVERSED in part; REMANDED with directions.
PETERSON, J., concurs specially, with opinion.
W. SHARP, J., dissents with opinion.
PETERSON, Judge, concurring specially.
I concur with Judge Thompson. The hypothetical question posed to the expert concluded with the query:
Now, assuming those facts are true, can you give us an expert opinion as to whether the amount of the cocaine and the manner in which it was packaged and allegedly possessed by the defendant is consistent with personal consumption or consistent with somebody possessing it with an intent to sell and deliver that cocaine?
The expert responded that he did have an opinion. Rather than ask him to give his opinion on that question, the prosecutor immediately asked:
Is that opinion that Mr. Gamble possessed what is marked as STATE EXHIBIT 4, the alleged cocaine? In your opinion, did he possess that amount of cocaine  when taken in conjunction of your review of all other facts in this case, did he possess it with the intent to personally consume it or with the intent to sell or deliver that?
While the responses following defense counsel's objection were somewhat muddled, the expert testified in essence that Gamble possessed the cocaine with the intent to sell or deliver it. The admission of testimony that Gamble had the intent to sell or deliver invaded the province of the jury. That testimony is tantamount to testifying that Gamble was guilty of the crime. All other testimony by the expert on habits of drug users and drug sellers that would aid the jury in their *1379 understanding of a drug transaction came after defense counsel's objection was overruled. No evidence had been presented to the jury before the hypothetical question was presented that would have explained the significance in illicit drug transactions of packaged money and quantities of drugs possessed. In the absence of such testimony the hypothetical question was little more than a review of the facts presented and a query that was the equivalent of whether the defendant was guilty of the crime charged.
It is true that section 90.703 of the evidence code provides that opinion testimony is not objectionable solely because it includes an ultimate issue to be decided by the trier of fact. But not all opinion testimony is admissible. An expert witness cannot express an opinion as to a defendant's specific intent without personal knowledge of the specific intent. The expert in the instant case only told the jury how to decide the case; he did not help the jury to decide the case. See Ehrhardt, Charles W., Florida Evidence § 703.1 (1992) and cases cited in footnotes 6 and 7.
The dissent cites United States v. Lipscomb, 14 F.3d 1236 (7th Cir.1994) as authority for the statement that an expert's testimony is properly admitted in a case where it is clear that the expert was commenting on a hypothetical situation and had no personal knowledge about the defendant's actual intent. In the instant case, it is not clear to me that the expert was commenting on the hypothetical question when the expert responded to the prosecutor's question whether "Gamble ... possess[ed] ... [the drug] with the intent to personally consume it or with the intent to sell or deliver ...?"
I have reviewed the cases cited by the dissent as supporting admission of expert testimony on the ultimate fact at issue. These cases do not support the specific proposition that an expert can express an opinion that amounts to a statement that a defendant is guilty of the crime charged or in fact had the requisite intent to sell an illicit drug. Those cases do not consider that narrow issue. Review of the cases shows:
1. In Bruce v. State, 616 So.2d 504 (Fla. 3d DCA 1993), an expert narcotics officer testified that the quantity of drugs involved (thirteen rocks of cocaine) indicated that it was for sale. While that decision approved the trial court's allowing the expert to opine that the cocaine was for sale rather than for personal consumption, the facts do not indicate that the expert rendered an opinion that the defendant possessed the intent to sell the drugs.
2. In Baten v. State, 579 So.2d 764 (Fla. 5th DCA), rev. denied, 589 So.2d 289 (Fla. 1991), a police officer testified that it was not uncommon for dealers to carry rocks of cocaine in baggies, and that most cocaine "users" carry only three rocks of cocaine on their persons. Although the officer testified that he was convinced that the defendant intended to sell the rocks, there is nothing in the opinion to indicate that any objection was raised to this testimony at trial nor that this was an issue considered by the court.
3. In K.M. v. State, 545 So.2d 464 (Fla. 3d DCA 1989), the district court declined to consider the appellant's contention that the trial court abused its discretion in permitting the narcotics officers to testify concerning the packaging of cocaine because the specific legal ground argued on appeal was not presented to the trial court.
4. In Williams v. State, 538 So.2d 73 (Fla. 4th DCA 1989), the court approved the trial court's allowance of an expert's testimony on the general relationship between large amounts of cash and drug transactions. The testimony was not case specific.
5. In Lobo v. Metro-Dade Police Dept., 505 So.2d 621 (Fla. 3d DCA 1987), a forfeiture action, a police officer experienced in money-narcotics transactions opined that the currency seized was part of a drug transaction. There is no indication that the testimony was the subject of an objection or an issue on appeal. Additionally, the expert did not testify that Lobo was involved in the drug transaction. He arrived at his conclusion that the money was a part of a drug transaction because a drug dog alerted to the cash, it was packaged in a manner consistent with drug transactions, and it was a large amount ($142,795) contained in a duffel bag found in an automobile trunk.
*1380 I concur with Judge Thompson's disposition of this case. The prosecutor requested an opinion of the expert beyond allowable limitations when he asked whether Gamble had the intent to sell the cocaine. The expert had no actual knowledge of Gamble's subjective intent and was incompetent to testify about it. The answer that Gamble had the intent was of no aid to the jury's understanding of the illicit drug trade so that they could arrive at their independent conclusion as to Gamble's intent and guilt or innocence.
The error in admitting this evidence was not harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). See also Bowles v. State, 381 So.2d 326 (Fla. 5th DCA 1980).
W. SHARP, Judge, dissenting.
I respectfully dissent. In my view, the trial court did not abuse its discretion when it permitted Agent Rocque to testify that, in his opinion as an expert, Gamble possessed contraband with the intent to sell or deliver it. And, I also think, the circumstantial evidence in this case was sufficiently substantial to support the jury's conclusion that Gamble was guilty of possession with intent to sell or deliver contraband.[1] § 893.13(1)(a), Fla. Stat. (1991).
Florida's Evidence Code, section 90.702, Florida Statutes (1991) provides that if specialized knowledge will assist the trier of fact in understanding the evidence, or in determining a fact issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion.[2] Section 90.703 further provides that expert testimony in the form of an opinion or inference otherwise admissible is not objectionable because it includes an ultimate issue to be decided by the trier of fact.[3] Thus, expert opinion concerning an ultimate fact is admissible in Florida, in a proper case. See Sarno v. State, 424 So.2d 829 (Fla. 3d DCA 1982), rev. denied, 434 So.2d 888 (Fla. 1983). This was apparently the rule in Florida, even prior to adoption of the Evidence Code. See Sarno, 424 So.2d at 836.
In the federal courts, the rule is somewhat different and more limited. Although the Federal Rules of Evidence have a provision similar to section 90.703,[4] they also contain a rule which bars expert opinion in a criminal case "as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged ..."[5] However, even operating under these rules, federal courts generally permit expert witnesses, such as police officers with experience in the drug trade field, to give an opinion that the amount of drugs possessed by a defendant, the way the drugs were packaged, and other circumstances, are more consistent with an intent to sell or distribute the contraband, than with personal use.[6] Even if the opinion embraces an ultimate issue to be decided by the trier of fact (intent *1381 to distribute or sell rather than personal use), the testimony is properly admitted[7] in a case where it is clear the expert was commenting on a hypothetical situation and had no personal knowledge about the defendant's actual intent. See United States v. Lipscomb, 14 F.3d 1236 (7th Cir.1994).
The Florida rules have no such prohibition against opinion testimony concerning a criminal defendant's mental state or condition. Its evidence code expressly allows expert opinion even though the testimony includes an ultimate issue to be decided by the trier of fact. Intent to sell the contraband was an ultimate fact at issue in this case. And, as in most cases, this intent could only be proved by circumstantial evidence, drawing an inference from other evidence in the case.
At the trial in this case, Agent Rocque was qualified as an expert in "street-level" drug investigations. This was a street-level case. He testified he had studied the case reports in this case and he answered the prosecutor's questions, based on hypothetical facts: a person's resisting arrest violently when taken into custody; later finding cocaine in the rear seat of the police car where the person was confined after his arrest; cocaine consisting of forty rocks (approximately six grams) in a baggie; the person also having possession of a large amount of cash, packaged in bundles. When arrested, Gamble had five separate bundles of cash totalling $100 each, and more than $100 in cash in his pockets. He was nineteen years old, and had no gainful employment.
Rocque testified that in his opinion Gamble possessed the cocaine with the intent to distribute or sell it, based on the amount of cocaine, the bundled cash, and the packaging.[8] He testified repeatedly that six grams was not a stash a person might have for his or her own personal consumption. It was "out of the realm of personal consumption."
Rocque testified he had not seen or experienced personal use of such a large amount of cocaine in his narcotic investigations. When asked by defense counsel on cross-examination, as to whether this amount of cocaine was beyond the realm of personal consumption, he said:
Again, I think  if you're asking me is it possible, anything is possible. But I would certainly not agree that  I have not seen that or experienced that in my experience in narcotics investigations.
I have found no other Florida case that excludes this kind of expert opinion testimony for the reason that it embraces an ultimate fact at issue. Many have allowed such expert testimony, recognizing that jurors commonly do not know how contraband is sold or distributed, what amounts are consistent with personal use as opposed to the amounts a street dealer would have on his or her person, and other modus operandi of the drug and narcotics trade. See, e.g., Bruce v. State, 616 So.2d 504 (Fla. 3d DCA 1993) (an experienced narcotics officer testified the quantity of drugs involved  13 rocks  "indicated the crack was for sale); Baten v. State, 579 So.2d 764 (Fla. 5th DCA), rev. denied, 589 So.2d 289 (Fla. 1991) (Police Officer Davis testified he was convinced the defendant intended to sell the 26 rocks of cocaine he had possessed and tried to hide, because of the amount of drugs, the street value of the drugs, and the way they were sized and packaged); K.M. v. State, 545 So.2d 464 (Fla. 3d DCA 1989) (Officers' expert testimony and the packaging of the drugs admitted to prove K.M. intended to sell cocaine in his possession); Williams v. State, 538 So.2d 73 (Fla. 4th DCA 1989) (court ruled it was proper to allow officer with specialized knowledge to express his opinion on the relationship between large amounts of cash and drug transactions); Lobo v. Metro-Dade Police Department, 505 So.2d 621 (Fla. 3d DCA 1987) (Sergeant Fred Silber, an expert in money  narcotics transactions, testified in his opinion the forfeited currency was part of a drug transaction  the "ultimate issue" in this case  based on the amount of money in the duffle bag and the way the cash was wrapped in rubber bands in denominations of *1382 ones, fives, tens, twenties, fifties and hundreds).
The expert's opinion concerning the defendant's intent to sell or distribute in these cases is based on the expert's inference from such factors as the amount of the drugs possessed by the defendant. It is not a direct comment on the defendant's actual intent, since in all of these cases, including this one, the expert had no personal contact with, or knowledge about the defendant. No Florida court has reversed a defendant's conviction because an expert witness testified the defendant intended to sell the contraband found in his possession, based on his expertise and the facts of the particular case because the opinion "invaded the province of the jury"  until this one.
The Florida cases relied upon by Judge Thompson reversed drug convictions, not because the expert's opinion was improper, but because the quantum of circumstantial evidence upon which the inference of intent to sell or distribute was too weak. Cockett v. State, 507 So.2d 1217 (Fla. 4th DCA 1987), is an example. The only evidence in the case against the defendant was that he was a passenger in a car where drugs were found.
In McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989), the court held that a defendant's possession of fifteen rocks of cocaine (6.15 grams) was not enough circumstantial evidence, by itself, to support a conviction for possession with intent to sell or distribute. Missing in that case was expert opinion as to whether possession of fifteen rocks was inconsistent with a personal use stash. The court in McCullough pointed out that if the amount of drugs is small, proof of other suspicious circumstances will be required to sustain a conviction for possession with intent to sell.
In C.L.L. v. State, 566 So.2d 878 (Fla. 3d DCA 1990), proof that the defendant possessed ten rocks of cocaine (one gram) was held insufficient to sustain his conviction. The court in C.L.L. noted that at the trial in that case, "the trier of fact could have considered appropriate expert testimony on the point of intent to sell, but none was offered" (emphasis supplied). It distinguished K.M. because, in that case, expert testimony was presented on that issue. That is precisely the kind of expert testimony the majority opinion holds is inadmissible in this case. I submit this creates considerable conflict with cases decided by this court, as well as our sister courts.
There is no deficit of circumstantial evidence in this case. In addition to Gamble's possession of the forty rocks of cocaine, this record contains expert opinion (missing in McCullough, C.L.L., and Cockett), that this was too great a quantity for a personal stash or a night on-the-town fling.[9] That alone should have been sufficient to sustain Gamble's conviction. See Bruce.
I strongly disagree with Judge Thompson's assertion in his opinion that Agent Rogue "admitted" the amount of cocaine was "possibly" for personal use. A reading of the transcript (quoted above) refutes that interpretation. Rocque's testimony is similar to the testimony of a police detective in United States v. Johnson, 527 F.2d 1381 (D.C. Cir.1976), which the court held was properly admitted:
A. [A]n addict could possibly use this amount in a certain period of time. But it is not very often that an addict carries that much drugs with him.
Q. Why is that?
A. Well, number one, the cost: An addict usually buys if he has $5.00, he'll buy $5.00 worth. Number two, because the places where addicts frequent, they have a chance to be robbed and the drug would be taken from them.
527 F.2d at 1383. The record should be read in a manner to sustain the jury's findings in *1383 this case; not the reverse. Cochran v. State, 547 So.2d 928 (Fla. 1989); Hernandez v. State, 569 So.2d 938 (Fla. 3d DCA 1990); Bradford v. State, 460 So.2d 926 (Fla. 2d DCA 1984), rev. denied, 467 So.2d 999 (Fla. 1985); Huggins v. State, 453 So.2d 835 (Fla. 5th DCA 1984), rev. denied, 456 So.2d 1182 (Fla. 1984).
There is also other circumstantial evidence in this case regarding Gamble's intent to sell, in addition to the amount of cocaine.[10] The expert also considered the method of its packaging, the cash (specially bundled as is typical of drug dealers), and the fact that Gamble violently resisted arrest after being taken into custody.[11] The jury could also have considered the fact that Gamble had no job and had over $600.00 in cash on his person.[12] In my view, these facts provide substantial, circumstantial evidence to sustain the jury's verdict that Gamble possessed the forty rocks of cocaine with intent to sell or distribute them. This case should be affirmed.
NOTES
[1] § 893.13(1)(e), Fla. Stat. (1991).
[2] § 893.13(1)(f), Fla. Stat. (1991).
[3] § 893.13(1)(a), Fla. Stat. (1991).
[4] § 843.02, Fla. Stat. (1991).
[5] § 775.084(3), (4), Fla. Stat. (1991).
[1] Gamble was also convicted of sale of cocaine within 1,000 feet of a school, possession of cocaine, and resisting arrest without violence.
[2] Section 90.702 provides:

Testimony by experts.  If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion; however, the opinion is admissible only if it can be applied to evidence at trial.
[3] Section 90.703 provides:

Opinion on ultimate issue.  Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it includes an ultimate issue to be decided by the trier of fact.
[4] Rule 704(a) provides that:

Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.
[5] Rule 704(b) provides that:

No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.
[6] See United States v. Clarke, 24 F.3d 257 (D.C. Cir.1994); United States v. Williams, 980 F.2d 1463 (D.C. Cir.1992); United States v. Ladd, 885 F.2d 954 (1st Cir.1989); United States v. Dunn, 846 F.2d 761 (D.C. Cir.1988).
[7] See United States v. Boykin, 986 F.2d 270 (8th Cir.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993).
[8] Nowhere in the transcript of this case did Rocque testify he thought Gamble was "guilty."
[9] Amounts of drugs held sufficient for this purpose and incorporated in expert opinion used in court are: United States v. Lipscomb, 14 F.3d 1236 (7th Cir.1994) (4.9 grams of cocaine); United States v. Pearce, 912 F.2d 159 (6th Cir.1990), cert. denied, 498 U.S. 1093, 111 S.Ct. 978, 112 L.Ed.2d 1063 (1991) (4.9 grams of cocaine); Bruce v. State, 616 So.2d 504 (Fla. 3d DCA 1993) (13 rocks of cocaine); Baten v. State, 579 So.2d 764 (Fla. 5th DCA), rev. denied, 589 So.2d 289 (Fla. 1991) (26 rocks of cocaine); K.J. v. State, 557 So.2d 134 (Fla. 3d DCA 1990) (298 grams of marijuana).
[10] K.J. (packaging of drugs a factor); K.M. (packaging of drugs a factor).
[11] See Lobo v. Metro-Dade Police Department.
[12] See Baten; Williams.