THOMPSON, Judge.
D.R.C., a juvenile, appeals a final order adjudicating him delinquent for possession of controlled substance with intent to sell or deliver[1] and resisting arrest without violence.[2] He argues that the circumstantial evidence presented was insufficient to prove he had an intent to sell rock cocaine.
Two officers of the Cocoa Beach Police Department approached D.R.C. to issue a trespass warning. The officers observed D.R.C. remove a paper bag from his pocket and drop it on the ground. When the paper bag was recovered, it contained 23 separate, unwrapped rocks of cocaine in a plastic baggie. At the time of his arrest, D.R.C. had $7.00 in his pocket. When the police tried to put D.R.C. in their police car, he ran and escaped from their custody. Subsequently, he was re-arrested.
During his adjudicatory hearing, the state offered one of the officers as an expert on street level drug deals. D.R.C.’s attorney objected that the officer could not qualify as an expert. The trial court agreed, but allowed the officer to give a “lay” opinion. See § 90.701, Fla.Stat. (1993). The officer testified that D.R.C. was a seller and not a user of rock cocaine. He based his lay opinion upon several factors: his experience, the amount of cocaine in the paper bag, and the lack of paraphernalia, such as “push rods” or a pipe, in D.R.C.’s possession. When cross-examined, the officer testified that the facts were consistent with D.R.C. having just purchased the cocaine as a user. There was no other evidence offered to prove that D.R.C. was a seller or had the intent to sell cocaine.
First, the trial court erred when it allowed the officer to give a lay opinion that D.R.C. was a seller of cocaine. Section 90.701 allows a lay witness to testify using opinions or inferences when the witness cannot otherwise communicate accurately and fully what he or she perceived, or when the opinion is not one that requires expert testimony. Ehrhardt, Florida Evidence § 701.1 (1992 Edition). In this case, the officer’s testimony was inadmissible because it does not qualify as admissible lay opinion, and, because the officer was not qualified as an expert, the court erred in admitting it. Compare Bruce v. State, 616 So.2d 504 (Fla. 3d DCA 1993); Baten v. State, 579 So.2d 764 (Fla. 5th DCA), rev. denied, 589 So.2d 289 (Fla.1991).
Second, the officer testified that the circumstances were susceptible of two interpretations: that D.R.C. was a seller or user of cocaine. In Gamble v. State, 644 So.2d 1376 (Fla. 5th DCA 1994), we held that if the state is going to rely upon circumstantial evidence to convict a defendant of possession with intent to sell cocaine, then the circumstances relied upon must lead only to the conclusion that the defendant is guilty of the *1185 crime charged. Id. at 1378; see also C.L.L. v. State, 566 So.2d 878 (Fla. 3d DCA 1990) (reversing defendant’s adjudication of delinquency for possession of cocaine with intent to sell where “officer did not testify that the quantity and packaging of [rock cocaine] were indicative of an intent to sell, as opposed to holding the contraband for personal use”). Here the officer testified the facts were also consistent with D.R.C. having just purchased the cocaine as a user. Since the testimony of the officer was consistent with D.R.C. being a user as well as a seller, the circumstances relied upon did not lead to the one conclusion that D.R.C. was guilty of possession with intent to sell cocaine. Compare Bruce and Baten.
We reverse the adjudication of delinquency for possession of a controlled substance with intent to sell or deliver and remand with instructions to adjudicate D.R.C. delinquent for possession of a controlled substance. We affirm the order of adjudication of resisting arrest without violence.
AFFIRMED in part; REVERSED and REMANDED with instructions.
GOSHORN, J., concurs.
GRIFFIN, J., concurs in result only.

. § 893.13(l)(a), Fla.Stat. (1993).

. § 843.02, Fla.Stat. (1993).