704 So.2d 615 (1997)
Eli SCARLETT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4131.
District Court of Appeal of Florida, Fourth District.
October 22, 1997.
Rehearing Denied December 2, 1997.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Chief Judge.
We affirm Appellant's conviction for possession of marijuana with intent to sell and possession of drug paraphernalia. Appellant asserts that the trial court erred by permitting a detective to testify regarding how marijuana is normally packaged for sale, and that the eleven individually packed baggies of marijuana found on Appellant were packaged for sale and not individual use. The detective was qualified as an expert witness in the area of street level marijuana possession and sales.
Appellant claims that this court disapproved of such testimony in Wheeler v. State, 690 So.2d 1369 (Fla. 4th DCA 1997). In Wheeler, we held that the court erred by allowing an officer to testify about the cocaine-selling reputation of the area in which defendant was arrested, and about general drug dealer behavior. The state elicited testimony that people dealing with drugs stand on the corners and street edges, as well as testimony on other procedures common to drug transactions. This court admonished the trial court for allowing such testimony, stating:
We have repeatedly condemned the admission of testimony by police officers about general behavioral patterns of drug dealers. "[E]very defendant has the right to be tried based on the evidence against him, not on the characteristics or conduct of certain classes of criminals in general." The only purpose of the testimony regarding criminal behavioral patterns "is to *616 place prejudicial and misleading inferences in front of the jury."
Id. at 1371 [citations omitted]. See also Dean v. State, 690 So.2d 720 (Fla. 4th DCA 1997) (reversible error where court admitted testimony of police detective concerning general behavioral patterns of drug dealers); Thomas v. State, 673 So.2d 156 (Fla. 4th DCA 1996) (reversible error where state elicited testimony from detective that often one individual is actually in possession of the drugs while another person collects the money); Shelton v. State, 654 So.2d 1295 (Fla. 4th DCA 1995) (reversible error where officer testified that money marked for identification was not always recovered).
However, these cases do not represent a departure from the general rule that an expert is permitted to testify when "scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue." § 90.702, Fla. Stat. (1995). Courts have long recognized that a police officer, when properly qualified as an expert, may testify regarding whether drugs were intended for personal use or for sale, based on the amount and packaging of the drugs. See Bruce v. State, 616 So.2d 504 (Fla. 3d DCA 1993) (evidence was sufficient to justify the jury's conclusion that defendant intended to sell the cocaine where defendant had thirteen rocks, individually wrapped in clear plastic baggies, and the state presented the expert testimony of an experienced narcotics officer who stated that the quantity involved indicated that the crack was for sale); Baten v. State, 579 So.2d 764 (Fla. 5th DCA 1991) (evidence was sufficient to support conviction where officer stated that most cocaine users only carry a maximum of three rocks of cocaine on their person, and officer was convinced that defendant intended to sell them because he had so many rocks in two different baggies, of saleable, commercial street size); K.J. v. State, 557 So.2d 134 (Fla. 3d DCA 1990) (the large amount of marijuana and the way it was packaged supports the inference that it was not intended for defendant's personal use but rather for resale); K.M. v. State, 545 So.2d 464, 464 (Fla. 3d DCA 1989) ("The state presented evidencethe officers' expert testimony and the packaging of the drugs from which the trial court could have concluded that K.M. intended to sell the cocaine....").
We conclude that expert testimony regarding whether the quantity and packaging of drugs indicate an intent to sell is admissible, as this information is not a matter well within the common knowledge of the jurors, and the purpose of such testimony is not "to place prejudicial and misleading inferences in front of the jury." Nowitzke v. State, 572 So.2d 1346, 1356 (Fla.1990). As to Appellant's second issue on appeal, we find no abuse of the trial court's discretion and hereby affirm Appellant's judgment of conviction.
WARNER and PARIENTE, JJ., concur.