700 So.2d 473 (1997)
Marshall BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-23.
District Court of Appeal of Florida, Fifth District.
October 24, 1997.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, Chief Judge.
Marshall Brooks ["Brooks"] appeals a final order adjudicating him guilty of possession with intent to sell or deliver cocaine. He *474 contends the lower court erred in allowing the arresting officer to offer an expert opinion that the cocaine found in Brooks' possession was packaged for sale, not personal use. We affirm.
At trial, Officer Wright of the Orlando Police Department testified that he and his partner, Officer Pierce, observed Brooks approach the intersection of Gore Street and Ivy Lane on June 24, 1996, at approximately 7:40 p.m. After noticing the officers, Brooks removed several small objects from his right front pocket and tossed them close to a parked vehicle. Officer Wright immediately retrieved the objects, which turned out to be twelve small plastic zip-lock bags, each containing approximately $5.00 worth of crack cocaine. A search incident to arrest also produced from Brooks' front right change pocket an empty large zip-lock bag and $297.00 in cash.
Officer Wright testified that he had been an officer with the Orlando Police Department for six years and an undercover agent in the narcotics division for the last three. He had received training in the identification and packaging of crack cocaine, as well as surveillance of possible drug dealers. He testified that he had personally arrested over 200 drug dealers and had assisted in an additional three to four hundred arrests. Additionally, Officer Wright testified that he had arrested over a hundred "simple drug users of crack cocaine." The court accepted Officer Wright as an expert witness, over defense objection, but informed counsel that Wright would not be allowed to testify regarding Brooks' intent to sell the cocaine.
Officer Wright testified that crack cocaine is generally packaged by size and dollar value in zip-lock bags for ease of sale. According to Wright, bags sell for between $5.00 and $80.00 or more. Wright also testified that a user would typically carry one or two pieces of crack, whereas a dealer would generally carry a larger supply. Wright testified that, in his opinion, the cocaine found on June 24, 1996 was packaged for sale and not for personal use. It is proper for an appropriately trained and experienced law enforcement officer to offer expert opinion concerning packaging of drugs for sale versus personal use.[1]Bruce v. State, 616 So.2d 504 (Fla. 3d DCA 1993); K.M. v. State, 545 So.2d 464 (Fla. 3d DCA 1989); cf. C.L.L. v. State, 566 So.2d 878 (Fla. 3d DCA 1990). We find no error in the admission of this testimony.
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] In Gamble v. State, 644 So.2d 1376, 1377 (Fla. 5th DCA 1994), this court held that the narcotics agent in that case exceeded the limitations of expert testimony and invaded the province of the jury when he testified that the forty pieces of crack cocaine in a baggie found near Gamble in a patrol car were intended by him for sale. Id. In his special concurring opinion, Judge Peterson noted that testimony regarding the habits of drug users and sellers would have been helpful to the jury, but in that case, no such evidence had been presented to the jury before the state elicited the expert's inadmissible opinion. Id. at 1378-79. This case is unlike Gamble.