PETERSON, Judge.
Marlon Nelson appeals his conviction and sentence for possession of cocaine with intent to sell or deliver in violation of section 893.13(l)(a)l., and section 893.03(2)(a)4., Florida Statutes (1995). We vacate and remand for imposition of a conviction for the lesser included offense of possession of cocaine in violation of section 893.13(6)(a), Florida Statutes (1995).
Two Orlando Police Department officers were conducting a city-wide drug sweep when they observed appellant standing in front of a parked vehicle in the driveway of an apartment complex. Other persons were also present, but none closer than 15 feet from the appellant, and none of whom came closer to the appellant during this episode.
When the officers approached appellant with their unmarked patrol car, one of them observed that appellant’s right hand was clenched. Seeing the officers, appellant became startled, looked around, and made a full circle turn with the same hand still clenched. He then leaned over toward the right front bumper of the parked vehicle, appeared to place something on the bumper, turned around and sat on the hood; his hand was no longer clenched. As the officers got out of their car, appellant got off the hood of the parked vehicle and walked toward them. One of the officers went to the right front bumper of the parked vehicle and observed a small (less than an inch s.quare) zip-lock baggie containing six individually wrapped beige rock-like substances later identified as cocaine and having a value of $180 to $200. Appellant was arrested and searched; no cash or other drugs were found on his person.
A jury found appellant guilty as charged although he had objected that the evidence was insufficient to show that he possessed the cocaine and alternatively, that he intended to sell it. We find no merit in his first contention, but agree that the evidence does not support the verdict that he intended to sell the cocaine.
. An expert witness testified that he conducted a test and determined that the substance was cocaine. He also indicated that he weighed the six rocks, but was never asked, nor did he volunteer, the total weight. No other witnesses testified as to the quantity of cocaine present in the baggie, and the state’s two attempts to have the officers testify that the six rocks were in excess of an amount normally possessed by a user were frustrated by sustained objections. In short, the record is completely void of any evidence that would allow the jury to conclude that the appellant’s possession of the cocaine was intended for sale or distribution. The state argues that the possession of six individually wrapped rocks and the absence of any cash is enough to indicate the intent to sell, but that circumstance is also consistent with a recent purchase of the substance that exhausted appellant’s cash.
The state cites Baten v. State, 579 So.2d 764 (Fla. 5th DCA), review denied, 589 So.2d 289 (Fla.1991), and Bruce v. State, 616 So.2d 504 (Fla. 3d DCA 1993), in support of its contention that the evidence supports appellant’s intent to sell. In Baten and Bruce, the state presented sufficient testimonial evidence to indicate the circumstances surrounding the defendants’ arrests and such evidence was consistent with an intent to sell. Similar testimonial evidence is absent in the instant ease. The evidence shows only that Nelson possessed six individually wrapped rocks of cocaine in a single small baggie, the weight of which is unknown, and that he had no money. We believe that more is required in order to support a conviction for intent to sell.
The judgment of conviction and sentence is vacated and the cause remanded for entry of a judgment for possession of cocaine and resentencing.
JUDGMENT AND SENTENCE VACATED; REMANDED.
GOSHORN and THOMPSON, JJ., concur.