753 So.2d 568 (1998)
Anthony PRESCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4180.
District Court of Appeal of Florida, Fourth District.
June 24, 1998.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sylvie Perez Posner, Assistant Attorney General, West Palm Beach, for appellee.
STONE, C.J.
Appellant was convicted of possession of cannabis with intent to deliver or sell within 1000 feet of a school and possession of cocaine with intent to deliver or sell within 1000 feet of a school. The drugs, together with drug paraphernalia, were found in Appellant's apartment[1] across the street from a school. Although others may have had access, the apartment was used by Appellant as a residence.
Deputies, executing a search warrant, found miscellaneous drug paraphernalia in the apartment, along with a tea pot with 24 manila envelopes containing marijuana, clear plastic baggies in the kitchen cabinets with either marijuana or one or two *569 rocks of cocaine in each package, and a large baggie containing approximately 6.4 grams of crack cocaine individually wrapped in commonly sold sizes. They also found a digital scale commonly used by dealers to measure cocaine. There was expert testimony that the amount of cocaine and cannabis confiscated was consistent with that found on others arrested for dealing in those drugs, and that such a large amount was not consistent with mere personal use.
During jury deliberation, the jury made the following inquiry:
In order to find the defendant guilty of charge A, does it have [to] be proven that he was intending to sell the drugs 1000 feet from the school, or that the drugs were found 1000 feet from the school.
In response, the court informed the jury:
The answer is, that it does not have to be proved that he possessed the drugs with intent to sell them or deliver them within the thousand feet of the school.
A juror then stated, "In other words, it doesn't matter if he sells them in Timbuktu, it's where the thousand feet comes into play." The court responded, "right." We conclude that the trial court properly interpreted the statute prohibiting possession of the contraband within 1000 feet of a school with intent to sell it, anywhere.
Florida Statute Section 893.13(1)(c) (1995) provides that:
Except as authorized by this chapter, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver a controlled substance in, on, or within 1,000 feet of the real property comprising a public or private elementary, middle, or secondary school between the hours of 6 a.m. to 12 a.m.
The statute is not ambiguous. In this case, the prohibited conduct is possession with intent to deliver and sell. The fact that this offense occurs within 1000 feet of a school is a factor only in increasing the degree of crime charged and in the nature of the sentence. The statute applies to anyone who possesses drugs with intent to sell, as long as the possession occurs within 1000 feet of a school. There is no requirement that the state also prove that the defendant intended the sale to take place within 1000 feet of the school. Cf. Jennings v. State, 682 So.2d 144 (Fla. 1996). It is the location of the possession that controls, not the defendant's subjective intent regarding the potential place of sale.
We also find no abuse of discretion in permitting a properly qualified witness to testify about whether drugs were intended for personal use or for sale based on the amount and packaging of the drugs. See Scarlett v. State, 704 So.2d 615 (Fla. 4th DCA 1997), rev. denied, No. 92028, 717 So.2d 537 (Fla.1998); Bruce v. State, 616 So.2d 504 (Fla. 3d DCA 1993); Baten v. State, 579 So.2d 764 (Fla. 5th DCA 1991). We note that in the instant case Appellant does not question the witnesses' qualifications as experts in street level narcotics sales.
We also reject Appellant's allegation that there was insufficient evidence to establish his possession of the contraband. The state presented sufficient evidence that the place in which the contraband was found was within Appellant's exclusive possession. See Brown v. State, 412 So.2d 420 (Fla. 4th DCA 1982), approved, 428 So.2d 250 (Fla.1983); Parker v. State, 641 So.2d 483 (Fla. 5th DCA 1994). And, in any event, the evidence supports a finding of constructive possession. See Dupree v. State, 705 So.2d 90 (Fla. 4th DCA 1998); Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981).
GUNTHER and POLEN, JJ., concur.
NOTES
[1] The apartment actually belonged to Appellant's father, but the father has been ill for some time and lives with another son.