PETERSON, J.
Reshard Smith appeals his conviction of possession of cocaine within 1000 feet of a church with intent to sell, a violation of section 893.13(l)(e)l, Florida Statutes (1999). We reverse and remand with instructions to the trial court to reduce the conviction to possession of cocaine and to resentence accordingly.
Approached by a police officer in front of an apartment building, Smith ran into one of the apartments with the officer in pursuit. He was found in a bedroom in one of the apartments. When ordered to come out, he complied and was arrested. Found in his possession were two unwrapped rocks of cocaine. A search of the vacated bedroom yielded thirteen unwrapped rocks and one rock in a cellophane wrapper.
No evidence was presented at trial supporting the charge that Smith had intent to sell the sixteen pieces of cocaine that weighed in total 2.1 grams. Initially, the state was unable to qualify any witnesses as experts in drug matters. Then, the arresting police officers were only able to testify that it was their personal practice to arrest suspects for intent to sell when two, three, or five rocks were found. In sum, the only circumstantial evidence used to convict Smith of the intent to sell was simply the number of rocks found on Smith and in the apartment where he was pursued.
“In order for a defendant to be convicted based upon circumstantial evidence, the state’s evidence must be sufficient to enable the jury to exclude every reasonable hypothesis of innocence.” Gamble v. State, 644 So.2d 1376 (Fla. 5th DCA 1994). There was no evidence presented in the instant case that Smith possessed the cocaine for anything other than his own use. See, e.g., D.R.C. v. State, 670 So.2d 1183 (Fla. 5th DCA 1996). Accordingly, we must vacate the conviction and sentence and remand for entry of a judg *578 ment for the possession offense only and appropriate resentencing.
REVERSED and REMANDED.
SAWAYA and PLEUS, JJ., concur.