STEVENSON, J.
Following a bench trial, Greg Howard was convicted of possession of cocaine with intent to sell within 1,000 feet of a convenience business. On appeal, Howard challenges the denial of his motion to suppress cocaine found on his person and the denial of his motion for judgment of acquittal. We affirm and write only to address Howard’s appellate claim that there was no evidence tending to show he possessed the cocaine with intent to sell it within 1,000 feet of -a convenience business.
‘Narcotics detective John Budensiek testified that, in February 2002, he and Detective Grose were conducting surveillance on Howard, who was residing at the Heritage Inn motel on U.S. 1 in Hobe Sound. Through a confidential informant, police had been' able to make controlled buys from Howard and, as a result, had developed sufficient probable cause for a warrant to search Howard’s room. Thé warrant was issued on February 20, 2002. On February 21, 2002, Detective Budensiek again planned to have the informant make a controlled buy from Howard. In the hour before this controlled buy, Detective Grose observed two white males ■ and two white females approach Howard’s room. Some of the visitors were met at the door and the longest anyone stayed was about a minute and a half.
Budensiek then sent the informant to make' the controlled buy, providing him with a $20 bill and documenting the serial number. Detective Grose, stationed about sixty yards from the motel, observed the informant enter Howard’s room. According to Grose, the informant was in the room for less than a minute and, shortly after the informant left, he was notified by Budensiek that the informant was with him. Budensiek testified that the informant returned with a crack rock and information that Howard had crack in his shirt pocket. With this information, police planned to execute the warrant for the motel room. ■
Before they could do so, Howard left the room and got in his car. Budensiek sent a radio message to Deputy Humphrey, a member of the narcotics tactical unit, that Howard was in a white, older-model Ford Escort and had crack cocaine in his shirt pocket, instructing Humphrey to stop the vehicle. Deputy Humphrey testified that he eventually stopped Howard’s car as Howard pulled back into the parking lot of the Heritage Inn motel. As for whether Howard’s vehicle was stopped within 1,000 feet of a convenience business, both Humphrey and Budensiek testified that Cumberland Farms was directly across the street. Both officers admitted that they had not used any instrumentation to measure the distance. Detective Budensiek did testify, however, that Howard was stopped in the “inlet” to the parking lot of the motel and that the only thing' that separated that “inlet” from the Cumberland Farms is a two-lane road and the Cumberland Farms’ parking lot. Buden-siek estimated the road to be approximately fifteen feet across and the Cumberland Farms’ parking lot to be seventy-five feet, making the Cumberland Farms store well within 1,000 feet of the stop.
After Howard exited the vehicle, Deputy Humphrey searched his person, finding a “cookie” of crack cocaine, one individual rock, and approximately $405 in his shirt pocket. The marked $20 was among the bills. Further, the officers ultimately searched Howard’s room, discovering a marijuana cigarette, spoons with cocaine *1267 residue and a can that had been used as a smoking device.
Detective Grose testified that a “cookie” is approximately one ounce of cocaine and generally looks like a two and a half to three inch sugar cookie. Grose testified that it was his experience that cookies were used for the sale of cocaine and small pieces, dimes or twenties, were chipped off and sold. A two to three inch, one ounce cookie would produce approximately 10Ó “twenties” or $2,000. For his part, Detective Budensiek testified that the cocaine found on Howard’s person had a street value of approximately $400.
After the State rested, defense counsel moved for a judgment of acquittal, arguing that there was insufficient evidence that Howard had the intent to sell, pointing specifically to the absence of any evidence as to the weight and amount of cocaine found on Howard’s person. The State countered that the $405 and the “cookie” form of the cocaine were sufficient to make the matter an issue for the trier-of-fact. The trial court denied the motion for judgment of acquittal. After defense counsel rested, the court gave both parties the opportunity for additional argument. At this juncture, defense counsel made the additional argument that the State had failed to present sufficient evidence that Howard was stopped “within 1,000 feet of a school [sic].” The trial court found Howard guilty as charged.
On appeal, Howard argues that since the location of his stop was “pure coincidence,” the State failed to prove the requisite “intent.” Howard goes on to argue in his appellate brief that “the evidence offered by the state tended to show intent to operate from the hotel room, negating defendant’s intent to sell elsewhere.” By making this point, Howard raises the argument that in order to prove possession with intent to sell an unauthorized controlled substance within 1,000 of a convenience store pursuant to section 893.13(l)(e), Florida Statutes (2002), the State must prove that the defendant intended that the sale take place within that parameter.
The initial difficulty for Howard is that he failed to advance this argument below. Thus, even if we accept his contention that intent to make or consummate the sale within 1,000 feet of the convenience business is an element of the crime,[1] he is entitled to relief only if the State utterly failed to present evidence of such intent. See F.B. v. State, 852 So.2d 226, 230 (Fla.2003)(holding that defendant will be entitled to relief on appeal- despite his failure to preserve sufficiency of the evidence claim only where “the evidence is insufficient to show that a crime was committed at all”).
The testimony in the record is that the police stopped Howard as he pulled into the “inlet” to the motel parking lot, which was about ninety feet from the Cumberland Farms convenience store. A controlled buy had been made from Howard’s motel room earlier in the day and one detective had observed people going to Howard’s room and staying only minutes. Also, as previously noted, a cocaine “cookie,” commonly used as a format for resale of,,the drug, was found on Howard’s person. Thus, there was ample evidence of Howard’s possession of cocaine with intent to sell from his motel room. Although there was no testimony as to the actual *1268 distance from the motel to the convenience store, the motel’s parking lot would have had to be slightly over three football fields long (over 300 yards) for it to have been outside of 1,000 feet. Accordingly, we believe it-to be a fair enough inference from the evidence in the record that Howard possessed cocaine with the intent to sell within 1,000 feet of a convenience business.[2]
We have reviewed the other issues raised on appeal and find no error. Accordingly, the conviction and sentence on review are affirmed.
AFFIRMED.
WARNER and GROSS, JJ., concur.

. The second difficulty for Howard is that in Prescott v. State, 753 So.2d 568 (Fla. 4th DCA 1998), disagreed with on other grounds in Luis v. State, 851 So.2d 773 (Fla. 2d DCA 2003), a case involving section 893.13(l)(c), Florida Statutes (1995), which prohibits possession of drugs with intent to sell within 1,000 feet of a school, this court rejected an argument identical to that advanced by Howard.

. Thus, even if this court were to recede from the holding in Prescott, Howard would not be entitled to relief. Consequently, we decline to further address the issue.