502 So.2d 507 (1987)
Brazell HAYNES, Appellant,
v.
STATE of Florida, Appellee.
No. BL-220.
District Court of Appeal of Florida, First District.
February 16, 1987.
*508 Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Mark C. Menser, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Defendant, Brazell Haynes, appeals his judgment and sentence for possession of cocaine, alleging that a police officer's testimony regarding information given by a confidential informant constituted inadmissible hearsay. We agree, reverse, and remand the matter for a new trial.
The defendant was charged by information with possession of cocaine. The first witness called by the State at the jury trial was Officer Bill Lewis, who testified that he received a telephone call from a confidential informant at approximately 7:35 P.M. on July 26, 1985. According to Lewis, the confidential informant stated that a black male, approximately six feet tall, wearing a straw hat and a Hawaiian shirt, was selling drugs at the Grand Hotel in Pensacola. Officers Lewis and Maacks proceeded to the Grand Hotel where they observed a black male fitting the description given by the informant, and identified by Lewis as the defendant. As Lewis departed his car and approached the defendant, he began to run and, during the chase, tossed a white piece of paper to the ground. After the defendant was apprehended, Lewis retrieved the piece of paper and found two capsules inside, one of which contained cocaine. Officer Gravat, who met Lewis and Maacks at the hotel and assisted Lewis in the chase, testified that he too observed appellant drop a piece of paper or cloth. Officer Maacks testified that he did not observe appellant drop anything because he was busy locking his car so that he could assist Lewis in the chase. Phillip Eanes, a defense witness, testified that he observed the chase but did not see the appellant throw anything to the ground, nor did he see Officer Lewis pick anything up. Appellant took the stand and denied possessing cocaine or throwing anything to the ground. The jury found the defendant guilty as charged.
Appellant argues, and we agree, that the statements of the confidential informant were hearsay, and that the erroneous admission of the statement was not harmless under the circumstances of the instant case. The supreme court, in Collins v. State, 65 So.2d 61 (Fla. 1953), held that an officer may testify as to what action he took pursuant to information from a confidential informant but may not relate the information itself. The court found such information to constitute hearsay, and to deprive the defendant of the opportunity to examine the informant who was, in essence, "an accuser in absentia." 65 So.2d at 66. Similarly, the Third District has held that where a nontestifying witness furnishes the police with evidence of the defendant's guilt, such testimony is hearsay and the defendant's right of confrontation is defeated, notwithstanding the fact that the contents of the nontestifying witness's statements were not actually repeated. Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981).
The comment of the nontestifying confidential informant in the instant case not only constitutes evidence of the defendant's guilt, but is an accusation of guilt of a more serious crime, sale of drugs, than the crime for which appellant was charged and tried. Moreover, unlike the Postell case, Officer Lewis testified as to the exact statement of the confidential informant. As such, we find that the introduction of the hearsay evidence did not constitute harmless error.
*509 Accordingly, we reverse and remand for a new trial.
ERVIN and ZEHMER, JJ., concur.