562 So.2d 808 (1990)
STATE of Florida, Appellant,
v.
Pansy Delores FOSTER, Appellee.
No. 89-750.
District Court of Appeal of Florida, Fifth District.
May 31, 1990.
*809 Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin and Colin Campbell, Asst. Attys. Gen., Daytona Beach, for appellant.
Michael I. Bross, Cocoa, for appellee.
W. SHARP, Judge.
The state appeals an order which suppresses certain spontaneous, incriminating statements made by Foster while she was being booked on various related drug charges. Foster was not given Miranda[1] warnings until after the booking process was completed. The suppression order was predicated upon Foster's having earlier made similar statements during the execution of a search warrant at her residence. The trial court found the earlier statements converted the booking process into an interrogation[2] and that Miranda warnings were therefore required before the statements could be admitted. We disagree and reverse.
As part of the execution of the search warrant, a Detective Bowers searched Foster at the residence and discovered cocaine in her right front pocket. Foster began crying and asked Bowers not to show it to anyone. Bowers later booked Foster. During the booking process, Foster asked Bowers how much cocaine had been found in the house. Bowers responded that suspected cocaine had been found on her person, upstairs over a washing machine area, and in the kitchen. Foster stated she had known about the cocaine over the washing machine. Bowers asked Foster only the routine booking questions.
During the booking process, a suspect is asked approximately fifteen general questions which relate solely to identity. It is simply an administrative procedure. Unless there are unusual circumstances which do not appear from the record in this case, the routine gathering of biographical data for booking purposes cannot be characterized as an inherently coercive custodial interrogation. The questions posed do not relate to criminal activity, and they are not posed to elicit an incriminating response. U.S. v. Avery, 717 F.2d 1020 (6th Cir.1983), cert. denied, 466 U.S. 905, *810 104 S.Ct. 1683, 80 L.Ed.2d 157 (1984).
The protective nature of Miranda warnings concerns investigative interrogation. We do not think Miranda applies to questions designed to obtain basic identifying data as routinely occurs at bookings or arraignments. State v. McAdams, 559 So.2d 601 (Fla. 5th DCA 1990); Esposito v. Adams, 700 F. Supp. 1470, 1479 (N.D.Ill. 1988). Miranda warnings are not required outside the context of an inherently coercive custodial interrogation. Roberts v. U.S., 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980).
While "interrogation" may encompass more than express questions and may include any words or actions by law enforcement officers that are reasonably likely to elicit an incriminating response,[3] incriminating, spontaneous statements made by a person under arrest do not convert the booking process to coercive interrogation. To hold otherwise would require the state to protect an arrestee from herself because she has a loquacious tongue. We do not think Miranda requires the state to gag a suspect or close its ears.
REVERSED and REMANDED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] The suppression order states:

[B]ecause the Defendant had earlier made spontaneous statements at her residence to Det. Bowers, the routine booking procedure amounted to the functional equivalent of interrogation.
[3] Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).