667 So.2d 442 (1996)
Mario Lavon JENNINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-411.
District Court of Appeal of Florida, First District.
January 26, 1996.
Rehearing Denied February 22, 1996.
*443 Nancy A. Daniels, Public Defender; Chet Kaufman, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Mark Menser, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, Judge.
Mario Lavon Jennings appeals his convictions for sale of cocaine within 1000 feet of a school, possession of cocaine within 1000 feet of a school with intent to sell it (three counts), and possession of drug paraphernalia. On appeal, Mr. Jennings argues that section 893.13(1)(c), Florida Statutes (1993), which makes such a sale of cocaine  or its possession in such circumstances with intent to sell  a more serious crime if committed "between the hours of 6 a.m. and 12 a.m.," is unconstitutionally vague. We find no constitutional infirmity and affirm.
Section 893.13(1)(a), Florida Statutes (1993), outlaws the sale, manufacture, delivery  or the possession with intent to sell, manufacture, or deliver  of any of a number of controlled substances. The seriousness of the crime depends in part on the nature of the controlled substance. In addition, subsection (1)(c) provides:
Except as authorized by this chapter, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver a controlled substance in, on, or within 1,000 feet of the real property comprising a public or private elementary, middle or secondary school between the hours of 6 a.m. and 12 a.m.
§ 893.13(1)(c), Fla. Stat. (1993). The sale of cocaine or its possession with the intent to sell, although otherwise a second degree felony, is a first degree felony if the crime is committed within 1,000 feet of a school and occurs "between the hours of 6 a.m. and 12 a.m." The conduct for which Mr. Jennings was convicted under subsection (1)(c) occurred after noon but before midnight.
Mr. Jennings argues on appeal that the subsection is unconstitutionally vague because the term "12 a.m." is ambiguous. He contends that section 893.13(1)(c), Florida Statutes (1993) fails to put reasonable people on notice whether the period in which selling or possessing cocaine with intent to sell constitutes a first degree felony (as opposed to a second degree felony) ends just before noon or twelve hours later.
*444 But "a statute is not void [for vagueness] if its language `conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" Hitchcock v. State, 413 So.2d 741, 747 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed. 213 (1982) (quoting United States v. Petrillo, 332 U.S. 1, 8, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877 (1947)). Although "[t]he language of the statute must `provide a definite warning of what conduct' is required or prohibited, `measured by common understanding and practice,'" Warren v. State, 572 So.2d 1376, 1377 (Fla. 1991) (quoting State v. Bussey, 463 So.2d 1141, 1144 (Fla. 1985)), it need not attain ideal linguistic precision. State v. Manfredonia, 649 So.2d 1388, 1390 (Fla. 1995) (Even if a statute "is not a paradigm of legislative drafting... . this reason alone cannot justify invalidating the statute.").
The present statute poses no danger, moreover, that innocent conduct will be punished as a crime. Section 893.13(1)(a) prohibits the sale and possession with intent to sell of controlled substances whatever the time of day. Subsection (1)(c) merely increases the gravity of the offense and the severity of the penalty when the sale (or possession with intent to sell) occurs within 1000 feet of a school during the time period specified.
In this way, the statute exhibits special concern that controlled substances not be peddled to school children. "In determining the intent of the Legislature, the courts must construe a statute in light of the purposes for which it was enacted and the evils it was intended to cure." Young v. St. Vincent's Medical Ctr. Inc., 653 So.2d 499, 506 (Fla. 1st DCA 1995), review granted, 663 So.2d 633 (Fla. 1995) (Mickle, J., concurring). We do not believe "common understanding and practices" lend support to the view that the Legislature intended to provide a greater penalty for drug sales at morning recess than for sales during the lunch hour or after school lets out. We can think of little justification for such an interpretation of the statute. In context, it is clear that the term "12 a.m." in section 893.13(1)(a), Florida Statutes (1993) must mean "midnight," by which time  the Legislature had reason to hope  school children will be at home fast asleep.
"A.M." is an abbreviation for the Latin phrase ante meridiem, or "before noon." Webster's Third New International Dictionary 91 (1993); see also Black's Law Dictionary 79 (6th ed. 1990). Similarly "P.M." is an abbreviation for the Latin phrase post meridiem, or "after noon." Webster's Third New International Dictionary 1773 (1993); see also Black's Law Dictionary 1155 (6th ed. 1990). Neither "12 a.m." nor "12 p.m." is an appropriate way to denote "noon." Either notation is also a problematic designation for midnight, although either appears equally (in)appropriate, because midnight can be viewed with equal justification as the end of one day or the beginning of the next. Midnight is the only twelve o'clock that falls before (or after) noon.
A New Jersey appellate court reports that the Time Service Division of the U.S. Naval Observatory recommends against the use of the terms "12 a.m." and "12 p.m."
We take judicial notice under Evid.R. 9(2)(e) that the Time Service Division of the U.S. Naval Observatory in an official statement dated January 1, 1985 entitled "Designation of Noon and Midnight" recommends that the abbreviations 12 a.m. and 12 p.m. not be used because they cause confusion. Instead, the Naval Observatory suggests the usage of the complete words "noon" and "midnight," of times such as 12:01 a.m. or 11:59 p.m. or of the 2400 system.
State v. Hart, 219 N.J. Super. 278, 530 A.2d 332, 334 n. 1 (1987). The Florida Legislature is not, of course, under any obligation to follow recommendations from the Naval Observatory, official or otherwise.
With the exception of section 893.13(1)(c), Florida Statutes (1993), however, the Legislature has avoided confusion that might flow from use of the terms "12 a.m." and "12 p.m.," opting instead for clearer language. See § 48.091(2), Fla. Stat. (1993) ("Every corporation shall keep the registered office open from 10 a.m. to 12 noon... ."); § 112.061(5)(b)2., Fla. Stat. (1993) (allowance for lunch for public officers, employees, and authorized persons "[w]hen travel begins before 12 noon and extends beyond 2 p.m."); § 198.331, Fla. Stat. (1993) (retroactive effect of statutes to "estates of decedents dying after 12:01 a.m."); § 324.251, Fla. Stat. (1993) *445 (chapter to become effective at "12:01 a.m."); § 373.069(1), Fla. Stat. (1993) (dividing the state into various water management districts at "11:59 p.m."); § 381.00897(2), Fla. Stat. (1993) (access to migrant labor camp or residential migrant housing "between the hours of 12 noon and 8 p.m."); § 440.05(4), Fla. Stat. (1993) (notice effective as of "12:01 a.m."); § 562.14, Fla. Stat. (1993) (regulating the sale of alcohol "between the hours of midnight and 7 a.m."); § 671.301(1), Fla. Stat. (1993) (act to take effect "at 12:01 a.m."); § 713.36, Fla. Stat. (1993) (chapter to take effect "at 12:01 a.m."); § 900.02, Fla. Stat. (1993) (criminal procedure law to become effective "at 12:01 a.m.").
We have found only one instance where the Florida Legislature used the term "12 p.m." § 562.14(1), Fla. Stat. (Supp. 1945) (prohibiting the sale and service of intoxicating beverages "between twelve o'clock p.m. Saturday and seven o'clock a.m. Monday"). The Legislature subsequently amended this section to read, "between twelve o'clock midnight Saturday and 7:00 o'clock A.M. Monday." Ch. 23746, Laws of Fla. (1947). Perhaps the Legislature will also amend section 893.13(1)(c), Florida Statutes (1993), in a similar fashion, to bring it up to its customary standard of precision.
Affirmed.
BOOTH and WOLF, JJ., concur.