703 So.2d 511 (1997)
Cory Montreiel FLUELLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1844.
District Court of Appeal of Florida, First District.
December 23, 1997.
*512 Nancy A. Daniels, Public Defender, and Jean R. Wilson, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and J. Ray Poole, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
In this direct criminal appeal the appellant challenges his convictions for possession of cocaine with intent to sell or deliver and possession of drug paraphernalia. Concluding that the trial court erred in permitting prosecution witnesses to testify about the contents of a tip that led to the appellant's arrest, in permitting one of the arresting officers to testify that the quantity of cocaine possessed by the appellant indicated that he had the intent to sell, and in permitting another state witness to testify in violation of the appellant's right to conduct a full and fair cross-examination of that witness, we reverse the convictions.
The appellant was charged with possession of cocaine with intent to sell or deliver and possession of drug paraphernalia after he abandoned a small bottle containing crack cocaine while fleeing from police officers. The state relied upon testimony of the arresting officers and a witness named Sheppard.
The trial court erred in permitting the arresting officers to testify that they were acting pursuant to an anonymous tip that a described individual was selling drugs, as this testimony constituted inadmissible hearsay. In State v. Baird, 572 So.2d 904 (Fla.1990), the supreme court addressed the purposes for which the substance of an informant's tip may be used against an accused. The court held that such information may be admissible when it is offered for a purpose other than to prove the truth of the matter asserted, and when the purpose for which the statement is being offered is a material issue in the case. The court rejected the use of such testimony to show a logical sequence of events, reasoning that the need for such evidence is slight and the likelihood of misuse is great. The court accordingly stated that the better practice is to allow the officer to state that he acted upon a "tip" or "information received" without going into the details of the accusatory information.
The appellee does not suggest that the tip information in the present case was admissible for a nonhearsay purpose, but rather contends that it was properly admitted to show that the officers acted in response to *513 the tip. In making this argument the appellee contends that the officers did not testify as to the details of the information provided by the anonymous informant. But the record reveals that the officers did relate the substance of the tip over the specific objections of the appellant. The officers' testimony informed the jury that the supervisor of the drug tactical unit had received an anonymous tip that a man wearing green shorts and a white shirt was selling drugs at a specified location and might throw the drugs down if approached, and that the appellant matched the description given by the informant. Admission of this testimony therefore constituted error. See, e.g., Wilding v. State, 674 So.2d 114 (Fla.1996); Haynes v. State, 502 So.2d 507 (Fla. 1st DCA 1987); Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981).
The trial court also erred in permitting one of the arresting officers, Officer Paul, to testify that the quantity of cocaine possessed by the appellant indicated that the appellant possessed the drug with the intent to sell, rather than for personal use. This testimony was improper because it exceeded the limitations of expert testimony and invaded the province of the jury. See Gamble v. State, 644 So.2d 1376 (Fla. 5th DCA 1994).
Additional error occurred when the trial court admitted the testimony of Sheppard. Prior to Sheppard's testimony, the appellant made a motion in limine to exclude his testimony because Sheppard planned to assert his Fifth Amendment privilege not to testify with regard to a felony charge pending against him in which the appellant was to be a key witness for the prosecution. The appellant contended that his constitutional right to fully cross-examine the witness for bias and motive would be violated. The trial court denied the motion. Sheppard was then called as a witness. He gave potentially damaging testimony regarding the appellant's intent to sell or distribute the cocaine. The trial court then limited the cross-examination of Sheppard, allowing the appellant only to elicit that Sheppard had been convicted of a felony or crime involving dishonesty or false statements, that he was on probation, that he had a case pending against him, and that the appellant was a witness against him in that case.
The Supreme Court has recognized the constitutional significance of permitting a full opportunity to cross-examine a witness to expose any bias or motive to testify untruthfully:
Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit the witness.... A more particular attack on the witness' credibility is effected by means of revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is `always relevant as discrediting the witness and affecting the weight of his testimony.' We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.
Davis v. Alaska, 415 U.S. 308, 316-17, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974) (citations omitted); see also Olden v. Kentucky, 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988); Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); accord Gibson v. State, 661 So.2d 288 (Fla. 1995); Lewis v. State, 591 So.2d 922 (Fla. 1991).
The Supreme Court has not yet dealt with a situation where a defendant has been restricted in his cross-examination of a witness by virtue of the witness asserting his Fifth Amendment privilege against self-incrimination on a matter materially relevant to the witness's credibility, but at least one Florida court has. In Kelly v. State, 425 So.2d 81 (Fla. 2d DCA 1982), rev. denied, 434 So.2d 889 (Fla.1983), a prosecution witness testified on direct examination that he had been arrested on charges of soliciting a bribe but he *514 denied that he had offered to change his testimony for money. On cross-examination, the witness invoked his Fifth Amendment privilege regarding the charge of soliciting a bribe as to any facts not of public record. Kelly was therefore unable to demonstrate through cross-examination that the solicitation charge grew out of the witness's telephone calls to an attorney for one of Kelly's codefendants during which the witness allegedly offered to change his testimony in exchange for a large cash payment. Nevertheless, the trial court refused to strike the witness's testimony.
The appellate court reversed, holding that "denial of the right to explore on cross-examination possible bases for impeaching the credibility of the witness amounts to a denial of rights under the sixth amendment." Id. at 84. The court noted that as
is almost always the case when cross-examination directed to its main objective  destruction of credibility  is unduly restricted, the record, of necessity, does not and cannot reflect what would have been developed; appropriate cross-examination could only be accomplished by an adroit, penetrating, relentless cross-examination searching deeply into the motivation of the witness.
Id. Although Kelly was able to get most of the incriminating evidence of the bribe before the jury through other witnesses, the court determined that to be no substitute for cross-examination.
In the present case, the appellant's constitutional right to fully cross-examine Sheppard was denied. Although the appellant was permitted to elicit the fact of the pending charge and his role as a witness, such was a poor substitute for "an adroit, penetrating, relentless cross-examination searching deeply into the motivation of the witness." See id.
The errors committed in this case cannot be considered harmless. As to the improper admission of the tip information, the supreme court has stated:
Placing information before the jury that a non-testifying witness gave police reliable information implicating the defendant in the very crime charged clearly could affect the verdict.
Wilding, 674 So.2d at 119. And the admission of Paul's testimony regarding the appellant's intent and the Sheppard testimony cannot be considered harmless because the state was relying solely on these two witnesses to prove intent to sell or deliver.
Finally, we reject the appellant's assertion that there was an insufficient evidentiary basis for his conviction on the charge of possession with intent to sell or deliver cocaine because the only substantial evidence at trial to demonstrate the intent element of that crime was the erroneously admitted testimony of Paul and Sheppard. As we recently clarified in Barton v. State, 22 Fla. L. Weekly D1831 (Fla. 1st DCA 1997), when reviewing the sufficiency of the evidence, the appellate court must consider all the evidence at trial, including the evidence the appellate court determines to have been wrongfully admitted.
The appellant's convictions are reversed and the case is remanded.
WEBSTER, J., concurs.
MINER, J., concurs and dissents with written opinion.
MINER, Judge, concurring and dissenting.
Although I agree that the case at bar must be reversed and remanded for a new trial on two of the grounds raised by appellant, i.e., the error in permitting the testimony relative to the anonymous tip and restricting the appellant's cross-examination of the witness, Sheppard, I would find the issue related to Officer Paul's testimony to be unpreserved for appellate review. I concur that appellant's contention relating to the sufficiency of the evidence to support his convictions is without merit.