710 So.2d 700 (1998)
David BOOKHARDT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3002.
District Court of Appeal of Florida, Fifth District.
May 1, 1998.
Rehearing Denied May 4, 1998.
*701 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
COBB, Judge.
We grant rehearing, withdraw our previous opinion and substitute in its place the following.
The defendant appeals challenging the denial of his motions for judgment of acquittal on charges prosecuted under Chapter 517, Florida Statutes, dealing with the sale of unregistered securities,[1] sale of securities by an unregistered dealer,[2] and fraudulent securities transactions.[3] The defendant argues that the state failed to prove that the transactions between himself and the six named victims involved the sale of a "security" under section 517.021(18), Florida Statutes.
The defendant held himself out as a financial adviser and offered his client/victims investment opportunities with high rates of return. The defendant took large sums of money from multiple investors for investment and gave them unsecured promissory notes. These monies, however, were deposited into the defendant's personal accounts and used by him to pay various debts and for personal uses. None of the money was returned to the investors.
We have no hesitation in concluding that the investment scheme set up by the defendant involved the sale of a "security" within the meaning of section 517.021(18), Florida Statutes. See Reves v. Ernst & Young, 494 U.S. 56, 110 S.Ct. 945, 108 L.Ed.2d 47 (1990)(involving sale of unsecured promissory notes). Under section 517.021(18)(a), a "security" includes a note. This case is distinguishable from Rudd v. State, 386 So.2d 1216 (Fla. 5th DCA 1980), rev. denied, 392 So.2d 1380 (Fla.1981), which involved a single loan from the alleged victim to the defendant. Here there were multiple investors, each of whom was offered investment opportunities with high rates of return. The unsecured promissory notes were issued in connection with the raising of the money for investment.
We likewise reject the defendant's claim that the trial court erred in allowing expert testimony on the issue of whether the investments offered by the defendant were securities. The term "security" as used in Chapter 517 has a specialized legal meaning and testimony from an expert in the field of securities law would be helpful to a lay person in understanding the term. See § 90.703, Fla. Stat. See generally McMullen v. State, 23 Fla. L. Weekly S207 (Fla. April 9, 1998). Expert opinion testimony is not objectionable merely because it includes an ultimate issue to be decided by the trier of fact. § 90.703, Fla. Stat. The expert testimony did not relate to an issue on which the expert *702 lacked actual knowledge, compare Gamble v. State, 644 So.2d 1376 (Fla. 5th DCA 1994), Fluellen v. State, 703 So.2d 511 (Fla. 3d DCA 1997), and the trial court instructed the jury that it could believe or disbelieve any or all of the expert's testimony.
AFFIRMED.
W. SHARP and HARRIS, JJ., concur.
NOTES
[1] § 517.07, Fla. Stat.
[2] § 517.12, Fla. Stat.
[3] § 517.301, Fla. Stat.