754 So.2d 897 (2000)
James Isaac LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-4813.
District Court of Appeal of Florida, First District.
April 25, 2000.
*898 Nancy A. Daniels, Public Defender; Johnny Devine, Certified Legal Intern, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Laura Fullerton Lopez, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
James Isaac Lewis (Appellant) appeals his conviction of possession with intent to *899 sell or deliver cocaine. As a basis for reversal, he contends that the trial court erred 1) in denying the motion to suppress his statement made during custodial interrogation; 2) in denying a motion for mistrial after a witness for the State characterized the neighborhood where the arrest took place as an area where drug sales typically occur; 3) in admitting in evidence testimony from a police officer, who was not declared an expert, but who was permitted to opine that possession of 12 rocks of cocaine indicated that the contraband was "most definitely for sale" rather than for personal use; and 4) in denying the motion for judgment of acquittal, where the State's circumstantial proof allegedly left room for two inferences, one of which is that Appellant intended to use, but not sell, cocaine. Concluding that the lower tribunal reversibly erred in its ruling on Appellant's third issue, we reverse the conviction and remand for a new trial.
In Issue I, Appellant challenges the denial of his motion to suppress. A trial court's denial of a motion to suppress is reviewable under the "abuse of discretion" standard. See Voorhees v. State, 699 So.2d 602 (Fla.1997). To prevail, Appellant must demonstrate that the trial court prejudicially erred. § 924.051(7), Fla. Stat. (1999). The motion alleged that after Officer Nussbaumer arrested him, Appellant was not advised of his Miranda[1] rights prior to being transported to the Escambia County Jail; that while Appellant was in police custody in route to the jail, the officer questioned him concerning his criminal history; that during the conversation, Appellant made certain incriminating statements relating to the charged offense; and that the statements made to the officer violate the federal Fifth Amendment and its state counterpart, the Self-Incrimination Clause in Article I, Section 9, Florida Constitution, in that the statements were not freely and voluntarily made.
The Supreme Court of Florida has described the effect of the Miranda ruling as follows:

Miranda prohibits the use of all statements made by an accused during custodial interrogation if the accused has not first been warned of the right against self-incrimination and the right to counsel.
Davis v. State, 698 So.2d 1182, 1187 (Fla. 1997); Traylor v. State, 596 So.2d 957, 965-66 (Fla.1992). Stated another way:
The special procedural safeguards outlined in Miranda are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation.
Rhode Island v. Innis, 446 U.S. 291, 300, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). Having been arrested and placed in the patrol car, which was transporting him to the jail, Appellant was "in custody" when he made the statements at issue. See Innis, 446 U.S. at 298, 100 S.Ct. 1682; Allred v. State, 622 So.2d 984 (Fla.1993); Traylor, 596 So.2d at 966 n. 16 ("A person is in custody for Section 9 purposes if a reasonable person placed in the same position would believe that his or her freedom of action was curtailed to a degree associated with actual arrest."); Roman v. State, 475 So.2d 1228, 1231 (Fla.1985). Thus, the first of two prongs was satisfied under the instant facts.
As to the second prong, "[i]nterrogation takes place for Section 9 purposes when a person is subjected to express questions, or other words or actions, by a state agent, that a reasonable person would conclude are designed to lead to an incriminating response." Traylor, 596 So.2d at 966 n. 17; Innis, 446 U.S. at 302, 100 S.Ct. 1682. The Court in Innis expressly excluded from the definition of "interrogation" questioning "normally attendant to arrest and custody," i.e., routine booking questions intended to elicit necessary biographical information. See Innis, *900 446 U.S. at 301, 100 S.Ct. 1682; Allred, 622 So.2d at 987; State v. Foster, 562 So.2d 808 (Fla. 5th DCA 1990). "Incriminating response" refers to "any response whether inculpatory or exculpatorythat the prosecution may seek to introduce at trial." Innis, 446 U.S. at 301 n. 5, 100 S.Ct. 1682. In its order denying the motion to suppress, the trial court found that the questions asked by Officer Nussbaumer were not of a type reasonably likely to elicit an incriminating response. The officer simply was trying to confirm Appellant's identity. Given the officer's testimony relating to the conversations in the patrol car, which the trial court found credible, we conclude that the record supports the finding that Appellant's remarks were unsolicited and voluntary. Appellant was not being interrogated when he made the gratuitous comments. Where either the "custody" or "interrogation" prong is absent, Miranda does not require warnings. See Miranda, 384 U.S. at 477-78, 86 S.Ct. 1602; Alston v. Redman, 34 F.3d 1237 (3d Cir.1994); Davis, 698 So.2d at 1188. As the record amply supports the lower court's findings, the denial of the motion is not an abuse of discretion.
Issue II arises from the court's ruling on certain testimony adduced at trial. According to Officer Nussbaumer, he observed Appellant around 1:00 A.M. reach into his pocket and then drop a small item onto the street in the Grand Hotel neighborhood in Pensacola. The officer immediately walked over to the drop site and found two small plastic baggies containing what appeared to be crack cocaine "rocks." He apprehended and arrested Appellant soon afterwards. In redirect examination by the prosecutor, the officer was questioned about his knowledge of street-level dealers who engage in drive-by drug transactions. Nussbaumer testified that he had arrested many people for possession of cocaine and for intent to distribute. He stated that because small-scale street dealers normally do not extend credit for crack rocks, he considered an owe sheet to be an indicator of a big-time dealer's trying to keep track of specific customers. No such sheet was found on Appellant's person. After the State asked whether the latter deals constitute the type of sale that occurs in the Grand Hotel neighborhood, and the witness answered affirmatively, defense counsel immediately moved for a mistrial based on the alleged improper "character attack" associating Appellant with an area characterized as the site of large-scale drug transactions. See Dorsey v. State, 639 So.2d 158 (Fla. 1st DCA 1994); Wilkins v. State, 561 So.2d 1339 (Fla. 2d DCA 1990). Counsel also asked for the jury to be instructed to disregard the question and answer. After hearing argument of counsel, the trial court sustained the objection and gave a curative instruction. Questioning resumed, without any objection, and the court did not rule on the motion for mistrial. The question of whether a mistrial should be granted lies within the trial court's broad discretion, see Doyle v. State, 460 So.2d 353 (Fla.1984), and a mistrial should not be granted unless an absolute legal necessity to do so exists. See Wilson v. State, 436 So.2d 908 (Fla.1983). Normally, a curative instruction will suffice. See, e.g., Buenoano v. State, 527 So.2d 194 (Fla.1988); Staten v. State, 500 So.2d 297 (Fla. 2d DCA 1986). Under the circumstances presented here, where the defense was granted one of its alternative requests and complained no more, the issue of whether the motion for mistrial should have been granted was waived. See State v. Cumbie, 380 So.2d 1031 (Fla.1980).
Issue III relates to certain testimony of Officer Simmons, a narcotics and vice officer. During a proffer by the State, Simmons testified that he had made more than 300 narcotics-related arrests and had been involved with at least 1,000 such arrests. He testified about different items used by drug users and dealers, and about the amount of crack cocaine a user versus a dealer carries. At the conclusion of the proffer, the defense elected not to voir dire *901 the witness. However, defense counsel objected on the ground that the proposed testimony concerning perceived intent to use the cocaine personally, rather than to sell or deliver it, exceeded the proper limits of expert testimony and invaded the province of the jury. The court overruled the objection but refused to declare Simmons an expert witness.
Officer Simmons was questioned as follows on direct examination:
Q. Okay. What about the amount of crack cocaine someone would be carrying, have you been able to speak with people that either you or your investigators have arrested for possession or possession with intent to distribute cocaine?
A. Yes, I have.
Q. Okay. Is that a lot of times?
A. It is too numerous to count, yes.
Q. Okay. Based on what you've observed and discussions with people who have admitted to you they are selling crack cocaine, are you able to state whether someone who possesses 12 rocks of crack cocaine has that amount for personal use or for distribution?
Defense counsel immediately objected to the question on hearsay grounds, and the court overruled the objection. The witness then answered:
Based on my investigations that I myself have made and other officers have made well in my presence, and through those investigations, 12 rocks of cocaine is most definitely for sale.
During cross-examination, Simmons was asked to assume that someone smokes 2 rocks of crack cocaine daily and is found to possess 12 rocks. Given this assumption, the witness testified that someone could consume this amount in 6 days, although he considered this possibility "very unlikely."
This issue was preserved. Appellant reiterates on appeal his argument that the trial court reversibly erred by allowing this testimony concerning "perceived intent" into evidence. A trial court has wide discretion over whether to admit evidence, and a ruling relating to the admission of evidence will not be disturbed absent an abuse of discretion. See San Martin v. State, 717 So.2d 462 (Fla.1998). To support its assertion that the ruling on Officer Simmons' testimony is proper because an appropriately trained and experienced, properly qualified police officer may testify about whether drugs were intended for personal use or for sale, the State relies on a number of Florida decisions that are materially distinguishable on their facts. See, e.g., Prescott v. State, 753 So.2d 568 (Fla. 4th DCA 1998) (experts in streetlevel narcotics sales were properly allowed to testify about whether cocaine and cannabis confiscated from defendant's apartment were intended for personal use or for sale, based on amount and packaging); Scarlett v. State, 704 So.2d 615 (Fla. 4th DCA 1997) (detective, who was qualified as expert in area of street-level marijuana possession and sales, was properly allowed to testify regarding whether quantity and packaging of drugs indicated intent to sell, where such information was not within common knowledge of jurors and purpose of testimony was not to present prejudicial, misleading inferences to jury); Brooks v. State, 700 So.2d 473 (Fla. 5th DCA 1997) (arresting officer, who was experienced in narcotics investigations and arrests, could properly testify as expert witness regarding packaging practices of drug dealers and users and the amounts of drugs typically carried by each group, but was instructed not to testify regarding defendant's intent to sell cocaine); Bruce v. State, 616 So.2d 504 (Fla. 3d DCA 1993) (expert testimony and 13 individually wrapped packages of cocaine were sufficient to support conviction for possession with intent to sell).
In the case at bar, the arresting officer never observed Appellant trying to sell or deliver the drugs. Other than the amount of cocaine found in the two small baggies dropped to the ground by Appellant, the evidence indicated nothing *902 unusual regarding the manner in which the cocaine rocks were packaged to suggest that Appellant intended to sell or deliver the drugs rather than use them personally. See Fluellen v. State, 703 So.2d 511 (Fla. 1st DCA 1997) (trial court erred in permitting one of arresting officers to testify that the quantity of cocaine possessed by defendant indicated intent to sell rather than to use it personally); Gamble v. State, 644 So.2d 1376 (Fla. 5th DCA 1994) (testimony of police officer accepted as expert in street-level drug transactions exceeded limitations of expert testimony and invaded province of jury, where officer opined that amount of drugs possessed by defendant was inconsistent with personal use and was intended for sale, but officer conceded on cross-examination that amount possessed could be within realm of possibility for personal consumption). The factually similar cases of Fluellen and Gamble lead us to conclude that the lower court erred in permitting Officer Simmons to opine, over an objection, that 12 rocks of cocaine constituted an amount "most definitely for sale." This testimony impermissibly encroached on the jury's prerogative to decide between conflicting facts, to draw inferences from the facts, and to reach factual conclusions. A defendant is entitled to be tried on the evidence in his or her particular case, rather than on characterizations or testimony about generalized patterns of behavior. See Hamilton v. State, 734 So.2d 1130 (Fla. 1st DCA 1999); Baskin v. State, 732 So.2d 1179 (Fla. 1st DCA 1999). Given the particular factual context of this case, we reject the State's position that any error in the admission of this testimony is harmless beyond a reasonable doubt.
Finally, Appellant contends that the trial court erred in denying the motion for judgment of acquittal where the State's circumstantial proof allowed either of two reasonable inferences, one of which is that Appellant intended to use but not to sell or deliver the cocaine. The State correctly notes, however, that in reviewing the denial of the motion, we are to consider all evidence admitted at trial, whether or not it was erroneously admitted. See Lockhart v. Nelson, 488 U.S. 33, 40-41, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). Through Officer Nussbaumer's testimony, the State offered direct evidence of Appellant's possession of cocaine. All conflicts in the testimony are to be resolved in the State's favor, and the State is entitled to all favorable inferences that logically and reasonably can be drawn from the evidence. See Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981). As is often the case, there was no direct evidence regarding the question of Appellant's intent; this matter had to be inferred solely from circumstantial evidence. See McCullough v. State, 541 So.2d 720 (Fla. 4th DCA 1989). The hypothesis of innocence offered at trial was that the arresting officer had mistaken the identity of the individual who dropped the baggies or, alternatively, that if Appellant had possessed the baggies, he intended the contraband merely for personal use rather than for sale or delivery. However, Officer Simmons' testimony provided some evidence that is sufficient to dispute the factual inferences of innocence relied on by Appellant, and that would allow a jury to conclude that Appellant possessed the cocaine with intent to sell or deliver it. Thus, the State's evidence was legally sufficient to withstand the motion for judgment of acquittal.
REVERSED and REMANDED for a new trial.
ALLEN and WEBSTER, JJ., CONCUR.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).