824 So.2d 948 (2002)
Cornelius Anthony MELTON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3789.
District Court of Appeal of Florida, First District.
July 31, 2002.
Rehearing Denied September 4, 2002.
*949 Wm. J. Sheppard, Esq., D. Gray Thomas, Esq., and Matthew R. Kachergus, Esq. of Sheppard, White and Thomas, P.A., Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
LEWIS, J.
Cornelius Melton, appellant, seeks review of his conviction for possession of cocaine with intent to sell while armed. He argues that the trial court erred in denying his motion for judgment of acquittal as the State failed to prove the necessary intent. He also claims that the trial court erroneously admitted into evidence the testimony of an expert in "street-level" narcotics. Because the State presented sufficient evidence that was inconsistent with appellant's innocence, we affirm the trial court's denial of appellant's motion for judgment of acquittal. We affirm the admission into evidence of the expert's testimony as the expert did not offer any opinion as to appellant's specific intent to sell *950 cocaine. We affirm appellant's remaining issues without further discussion.
On August 20, 1999, Deputies Edwards and Osborne and other law enforcement officers served a search warrant on BIB Communications. Appellant owned BIB Communications. Appellant was standing behind a counter about two feet from a desk when the officers entered the business. The officers secured everyone in the business, read them their Miranda rights, and then read the search warrant. Deputy Turner searched appellant and recovered fourteen rocks of crack cocaine which weighed 1.7 grams. Appellant immediately exclaimed that the cocaine was for his personal use. Deputy Osborne discovered a loaded firearm in the desk near appellant. Appellant stated that the firearm was for his personal protection. The State subsequently charged appellant with possession of cocaine with intent to sell while armed.
At trial on July 18, 2001, the State presented Deputy Edwards as a "street-level" narcotics expert. Deputy Edwards stated that he served three years in the narcotics unit of the Nassau County Sheriff's Department, although he had only served one year at the time he participated in this particular investigation. He attended several schools on identification of narcotics. He further testified that he had participated in several hundred investigations and arrests involving both the sale and possession of drugs.
Appellant objected to qualifying the officer as an expert. The trial court overruled the objection and allowed the State to present Deputy Edwards as an expert. Deputy Edwards then testified that crack cocaine is usually sold by the piece. He stated that a typical crack user carries one or two pieces and that a typical crack seller carries from one piece to 50 pieces. The officer testified that the most crack he ever found on a user that he arrested was three pieces. After the State rested, appellant moved for a judgment of acquittal, arguing that the State failed to show that appellant had the intent to sell the cocaine. The State countered that it carefully did not ask Deputy Edwards whether the amount confiscated was consistent with being a user or a seller; it left the issue for the jury to decide. The trial court denied appellant's motion. The jury found appellant guilty as charged. The trial court subsequently sentenced appellant to 25 years in prison.
On appeal, appellant argues that the trial court erred in denying his motion for judgment of acquittal because the State's circumstantial evidence did not negate a reasonable inference that appellant intended to use the cocaine rather than sell or deliver it. In reviewing the denial of a motion for judgment of acquittal, an appellate court considers all evidence admitted at trial, regardless of whether it was erroneously admitted. See Lewis v. State, 754 So.2d 897, 902 (Fla. 1st DCA 2000). Here, the State did not present any direct evidence on the issue of appellant's intent; this issue had to be inferred from circumstantial evidence. For a defendant to be convicted solely on circumstantial evidence, the evidence presented by the State must be sufficient to enable the jury to exclude every reasonable hypothesis of innocence. See State v. Law, 559 So.2d 187, 188 (Fla.1989); Gamble v. State, 644 So.2d 1376, 1378 (Fla. 5th DCA 1994). The trial court reviews the circumstantial evidence in the light most favorable to the State. See Law, 559 So.2d at 189. The State is not required to rebut every possible variation of events, but only to introduce evidence which is inconsistent with appellant's theory. See id.
Appellant contends that the jury could have reasonably inferred from the *951 evidence that he merely possessed the cocaine for his personal use. Even if Deputy Edwards' expert testimony was erroneously admitted as alleged by appellant, his testimony that a "typical" user would not possess more than three rocks of cocaine was sufficient to dispute appellant's contention. This evidence was legally sufficient to rebut appellant's version of events and to provide a conflict in the evidence for the jury to resolve. Therefore, the trial court did not err in denying appellant's motion for judgment of acquittal.
Appellant next argues that the trial court erred in qualifying Deputy Edwards as an expert in "street-level" narcotics. The trial court has broad discretion in admitting expert testimony and in determining the range of subjects on which an expert witness may testify. See Burns v. State, 609 So.2d 600, 603 (Fla.1992); Lewis, 754 So.2d at 897. Absent an abuse of that discretion, an appellate court will not reverse the trial court's admission of expert testimony. See Burns, 609 So.2d at 603.
Appellant cites two cases from this Court in support of his argument that the trial court erred in admitting into evidence Deputy Edwards' testimony concerning the amounts of cocaine a typical user and seller may possess: Lewis, 754 So.2d at 897; Fluellen v. State, 703 So.2d 511 (Fla. 1st DCA 1997). In Lewis, this Court reversed the defendant's conviction for possession with intent to sell or deliver cocaine. 754 So.2d at 899. This Court held that the trial court erred in admitting a police officer's opinion that possession of twelve rocks of cocaine indicated that the cocaine was "most definitely for sale" rather than for personal use. Id. at 901. Other than the amount, the evidence presented at trial did not reveal anything unusual in the packaging of the rocks to suggest that the defendant intended to sell the drugs. Id. at 901-02. This Court stated that this testimony "impermissibly encroached on the jury's prerogative to decide between conflicting facts, to draw inferences from the facts, and to reach factual conclusions." Id. at 902.
In Fluellen, this Court reversed the defendant's conviction for possession of cocaine with intent to sell or deliver. 703 So.2d at 512. At trial, the trial court allowed an arresting officer to testify that the amount of cocaine possessed by the defendant indicated an intent to sell rather than for personal use. Id. at 513. This Court held that permitting such testimony exceeded the limitations of expert testimony and invaded the province of the jury. Id.
The facts in this case are distinguishable from both Lewis and Fluellen. In Lewis and Fluellen, this Court condemned the admittance of expert testimony which opined on the defendant's actual intent. This Court held that any testimony suggesting a defendant's intent to sell based upon the amount of cocaine found on the defendant improperly invaded the province of the jury. In both cases, the expert witness told the jury how to decide the case; the testimony did not help the jury determine whether the defendant possessed the requisite intent.
Here, Deputy Edwards did not offer any opinion on appellant's intent or whether possession of fourteen rocks indicated an intent to sell. He merely stated that the maximum number of rocks that he had ever found on a user was three rocks. He further testified that a "typical" user only carries one or two pieces while a "typical" seller carries anywhere from one to 50 pieces. This testimony merely provided information about drug practices to the jury. The jury could accept or reject this testimony and decide for itself whether appellant possessed the specific intent to *952 sell the cocaine. As Deputy Edwards did not offer any testimony on appellant's intent but helped the jury understand this ultimate issue, his testimony was admissible. Therefore, the trial court did not err in admitting this testimony.
Accordingly, we affirm appellant's conviction and sentence for possession of cocaine with intent to sell while armed.
AFFIRMED.
BOOTH and WOLF, JJ., concur.