912 So.2d 384 (2005)
Torrie D. SPRY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1579.
District Court of Appeal of Florida, Second District.
October 19, 2005.
*385 James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin and Richard E. MacDonald, Assistant Attorneys General, Tampa, for Appellee.
LaROSE, Judge.
Torrie D. Spry appeals his conviction and sentence for possession of cocaine within 1000 feet of a child care facility with intent to sell. We affirm his judgment and sentence. In doing so, we reject, without further comment, his fundamental error arguments as they relate to a police officer's testimony at trial. We also conclude that the trial court properly denied Mr. Spry's motion for judgment of acquittal. We remand solely to afford Mr. Spry an opportunity to file a written objection to the public defender lien imposed upon him.
On the afternoon of February 18, 2003, police officers initiated a citizen encounter with Mr. Spry, who was riding his bicycle, and asked to speak with him. Mr. Spry responded that he would speak with them at his home. Despite this initial showing of cooperation, Mr. Spry fled the scene and, in the process, committed traffic infractions. A chase ensued. Mr. Spry ignored orders to stop and rode into a field where the officers lost sight of him. Mr. Spry reemerged on the roadway and the officers apprehended him. The officers cited him for the traffic infractions. Mr. Spry refused to be searched, and the officers allowed him to leave.
A construction worker later told the officers that he saw Mr. Spry toss a can in some bushes in the field. Brought to the site by the construction worker, the officers found a can containing 5.2 grams of cocaine. They found the cocaine approximately 540 feet from a child care facility.
Mr. Spry contends that the State failed to prove that he intended to possess or sell the cocaine within 1000 feet of the child care facility. We reject this argument. Section 893.13(1)(c), Florida Statutes *386 (2002), makes it unlawful to sell, manufacture, deliver, or possess with intent to sell, manufacture, or deliver a controlled substance in, on, or within 1000 feet of a child care facility. The State did not have to establish that Mr. Spry intended to sell the cocaine within the 1000-foot safety zone. Where the offense occurs affects only the degree of the crime and the extent of the potential sentence. Prescott v. State, 753 So.2d 568, 569 (Fla. 4th DCA 1998). Read as a whole, the statute establishes that the place of the possession with intent to sell controls, not the defendant's subjective intent concerning the ultimate place of sale. Id.; see also Jennings v. State, 667 So.2d 442, 444 (Fla. 1st DCA), approved, 682 So.2d 144 (Fla.1996) (finding that section 893.13(1)(c) merely increases gravity of offense and severity of penalty).
Mr. Spry also contends that the State failed to establish a prima facie case of his intent to sell. He argues that the only evidence of intent was a police officer's testimony that the amount of cocaine involved was consistent with an intent to sell. The officer based his testimony not on Mr. Spry's subjective intent, but on his extensive experience in investigating crack cocaine offenses. See Luis v. State, 851 So.2d 773, 777 (Fla. 2d DCA 2003). Mr. Spry did not object to the officer's testimony and did not challenge the testimony in his motion for judgment of acquittal. Consequently, Mr. Spry did not preserve the issue for appeal. See Lloyd v. State, 876 So.2d 1227, 1228 (Fla. 4th DCA 2004).
Finally, Mr. Spry challenges a $350 public defender lien imposed against him without notice and a hearing to contest the amount of the lien. Mr. Spry properly preserved this issue for appeal by a motion to correct sentencing error. See Fla. R.Crim. P. 3.800(b)(2). The trial court's untimely order on the motion is a nullity. See Jackson v. State, 793 So.2d 117, 118 (Fla. 2d DCA 2001). Therefore, we remand as to this issue. Mr. Spry may file a written objection to the public defender lien within thirty days of our mandate. If Mr. Spry does so, the trial court shall strike the lien but may enter a new public defender lien in accordance with Florida Rule of Criminal Procedure 3.720(d)(1). See Cerda v. State, 679 So.2d 1276 (Fla. 2d DCA 1996).
Judgment and sentence affirmed; remanded for opportunity to file written objection to public defender lien.
STRINGER and WALLACE, JJ., Concur.