LaROSE, Judge.
Torrie Spry appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 8.850. We reverse and remand for further proceedings.
A jury convicted Mr. Spry of possession of cocaine within 1000 feet of a child care facility with intent to sell. The trial court sentenced him to ten years in prison, followed by five years of drug offender probation. We previously affirmed the conviction and sentence. See Spry v. State, 912 So.2d 384 (Fla. 2d DCA 2005).
Now, Mr. Spry claims that his trial counsel was ineffective for failing to object to a police officer’s testimony regarding Mr. Spry’s intent to sell cocaine. Although he attached no transcript to his motion, Mr. Spry claims that the officer testified as follows:
Q. In your experience, is this an amount that someone wohld have for personal use? Or is this a larger amount than that?
A. Yes, that’s a much larger amount than I have ever seen anyone for personal use. [sic]
Q. What would the normal personal use be?
A. Maybe one or two pieces at the most.
Q. That somebody would carry around with them?
A. Exactly.
Q. So, is it fair that if someone was carrying that in that macadamia can that he was either going to sell it or distribute it in some fashion?
A. Yes.
According to Mr. Spry, the officer did not see him trying to sell or deliver the cocaine and nothing about the packaging of the cocaine suggested that Mr. Spry intended to sell or deliver the contraband. Mr. Spry claims that the officer’s testimony addressing the subjective element of Mr. Spry’s intent invaded the jury’s province. Mr. Spry claims that had trial counsel objected to the officer’s testimony and moved for a mistrial, the trial court would have granted relief. Alternatively, Mr. Spry claims that if the trial court overruled such an objection and denied a mistrial, this court on direct appeal would have reversed and remanded for a new trial. Essentially, Mr. Spry maintains that without the officer’s improper testimony, the evidence would have supported only a conviction for cocaine possession.
In support of his motion, Mr. Spry relies on Lewis v. State, 754 So.2d 897, 902 (Fla. 1st DCA 2000), where the court ruled that an officer’s testimony that twelve rocks of cocaine constituted an amount “most definitely for sale” exceeded the limitations of expert testimony and invaded the province of the jury. For additional support, Mr. Spry looks to Luis v. State, 851 So.2d 773 (Fla. 2d DCA 2003) (determining that expert testimony concerning the defendant’s intent crosses the line from providing expert testimony to simply telling the jury how to decide the case); Prescott v. State, 753 So.2d 568 (Fla. 4th DCA 1998) (concluding that experts in street-level narcotics sales were properly allowed to testify about whether cocaine and cannabis confiscated from defendant’s apartment were intended for personal use or for sale, based on amount and packaging); Scarlett v. State, 704 So.2d 615 (Fla. 4th DCA 1997) (holding that detective, who was qualified as expert in area of street-level marijuana possession and sales, was properly allowed to testify regarding whether quantity and packaging of drugs indicated intent to sell, where such information was not within common knowledge of jurors and purpose of testimony was not to present prejudi *632 cial, misleading inferences to jury); and Brooks v. State, 700 So.2d 473 (Fla. 5th DCA 1997) (finding arresting officer, who was experienced in narcotics investigations and arrests, could properly testify as expert witness regarding packaging practices of drug dealers and users and the amounts of drugs typically carried by each group but was properly instructed not to testify regarding defendant’s intent to sell cocaine).
In its summary denial of Mr. Spry’s motion, the postconviction court, relying on Luis v. State, 851 So.2d at 777, stated that “an expert witness may give opinion testimony asserting that a defendant had the intent to sell drugs.” Luis does not go so far. Rather, Luis allows an expert to testify about whether the circumstances of possession are consistent or inconsistent with possession for sale. The expert may not opine on the accused’s intent. Luis, 851 So.2d at 778.
Numerous cases have held that a qualified expert witness may testify that the quantity and packaging of drugs and the circumstances surrounding their possession are “consistent with” possession for sale or are “inconsistent with” possession for personal use. See, e.g. Damen v. State, 793 So.2d 106, 108 (Fla. 2d DCA 2001); Adams v. State, 696 So.2d 773 (Fla. 2d DCA 1996); Melton v. State, 824 So.2d 948 (Fla. 1st DCA 2002); Ramos v. State, 798 So.2d 4, 6 (Fla. 4th DCA 2001); Bruce v. State, 616 So.2d 504 (Fla. 3d DCA 1993). However, there is a split of authority as to whether a qualified expert may testify to the defendant’s actual intent. The First District has held that it is improper for an expert to testify that the defendant intended to sell the drugs because that testimony simply tells the jury how to decide the case rather than helping the jury reach its own decision on intent. See Melton, 824 So.2d at 951; Lewis v. State, 754 So.2d 897, 902 (Fla. 1st DCA 2000). To the contrary, the Third and Fourth Districts have allowed qualified experts to testify to the defendant’s intent. See Prescott v. State, 753 So.2d 568, 569 (Fla. 4th DCA 1998) (holding that there was no abuse of discretion in allowing an expert witness to testify that the drugs were intended for sale rather than personal use); Scarlett v. State, 704 So.2d 615, 616 (Fla. 4th DCA 1997) (same); Bruce, 616 So.2d at 504 (same).
Id. at 777-78.
Our decision in Luis makes clear “that expert testimony concerning the defendant’s intent crosses the line from providing expert testimony to simply telling the jury how to decide the case.” Id. at 778. To allow otherwise would allow “expert testimony concerning a defendant’s intent ... when [ ] proffered [by an] expert [who] has no expertise in the inner workings of the defendant’s mind.” Id. at 778 (citing Damen v. State, 793 So.2d 106 (Fla. 2d DCA 2001) (noting with approval the witness’s statement that he was not qualified to offer testimony concerning the inner workings of the defendant’s mind and so could not testify as to the defendant’s actual intent)).
Based on the limited record before us, we cannot determine whether the officer’s testimony, in context, was permitted by Luis. Accordingly, we are compelled to reverse and remand for further proceedings. On remand, the postconviction court should first determine whether the officer testified as a qualified expert concerning (1) whether the circumstances of the case are consistent with possession for sale or for personal use, or (2) whether the officer testified about Mr. Spry’s actual intent.
If the postconvietion court determines that the officer testified as a qualified expert concerning whether the circumstances *633 of the case are consistent with possession for sale or for personal use, it may, again, summarily deny Mr. Spry’s claim and attach those portions of the record that conclusively refute his claim. However, if the postconviction court determines that the officer testified about Mr. Spry’s actual intent, it must determine whether trial counsel’s performance was deficient and prejudiced Mr. Spry. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this scenario, the postconviction court may hold an evidentiary hearing or, if it should again summarily deny Mr. Spry’s claim, it must attach .those portions of the record that conclusively refute his claim.
Reversed and remanded for further proceedings.
WHATLEY and DAVIS, JJ., Concur.