# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2610
_____

MARK THOMAS JUDKINS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Alachua County.
Peter K. Sieg, Judge.

June 3, 2026


WINOKUR, J.

Mark Judkins was convicted after jury trial of domestic battery by strangulation and false imprisonment. At trial, the court denied Judkins' motion to exclude an audio recording of him made without his consent. Finding that the recording should have been excluded, we reverse.

In November 2022, Judkins was arrested and charged with domestic battery by strangulation and false imprisonment. At the time, he had been in a relationship with Brenda Coker for approximately ten years. During their relationship, Coker and her minor daughter, E.K., lived with Judkins in a small mobile home.

On November 25, 2022, while E.K. was in her bedroom, Judkins and Coker began arguing in the living room. During the argument, E.K. heard Judkins threaten to kill Coker. In response, she began audio recording the altercation on her laptop. The recording captured Judkins repeatedly threatening to kill Coker, including statements such as, "I will choke the life out of your body and bury your ass in a fu\*\*ing chicken coop … I like that idea."

As the argument escalated, E.K. left her bedroom and observed Judkins with his hands around Coker's neck. Although Coker later testified that she remembered little of the incident, she recalled Judkins pulling her hair and pinning her down on a recliner. After the altercation, E.K. emailed the audio recording to Judkins' sister, Kimberly Walker. Walker forwarded the audio file to the Alachua County Sheriff's Office. A detective subsequently arrested Judkins.

Before trial, Judkins filed a motion in limine seeking to exclude the audio recording. He argued that because the recording was made inside his home without his knowledge or consent, it violated section 934.03 of the Florida Statutes, which criminalizes the intentional interception, disclosure, or use of intercepted oral communications and generally prohibits such communications from being admitted into evidence.

The trial court denied the motion, reasoning that, to qualify as a protected "oral communication" under the statute, the speaker must have both a subjective expectation of privacy and "societal recognition that the expectation is reasonable." The court ultimately concluded that the statute did not bar admission of the recording because Judkins lacked a reasonable expectation of privacy in his home, reasoning that "the walls within a single wide are thin."

At trial, Judkins renewed his objection to the audio recording, but the objection was overruled. The recording was played for the jury, and the jury found Judkins guilty of domestic battery by strangulation and false imprisonment. This appeal follows.

Generally, a trial court's ruling on the admissibility of evidence will not be reversed unless the trial court abused its discretion. *See McCray v. State*, 919 So. 2d 647, 649 (Fla. 1st DCA 2006). A trial court abuses its discretion when it bases its rulings on an erroneous interpretation of evidentiary rules or relevant cases. *See Mantecon v. State*, 373 So. 3d 929, 937 (Fla. 1st DCA 2023). However, "[j]udicial interpretations of statutes are pure questions of law subject to de novo review." *McDade v. State*, 154 So. 3d 292, 297 (Fla. 2014) (citation omitted).

The Florida Security of Communications Act, Chapter 934 of the Florida Statutes, governs the interception of oral communications and generally prohibits the recording and disclosure of private communications without the consent of all parties involved. *See* § 934.03 Fla. Stat. This prohibition includes "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication." § 934.02, Fla. Stat. Intercepted wire or oral communications, and any evidence derived from them, are inadmissible in any legal or governmental proceeding if their disclosure violates Chapter 934. § 934.06, Fla. Stat.

In interpreting the meaning of sections 934.02 and 934.03, the Florida Supreme Court in *McDade v. State* held the surreptitiously recorded conversations between the defendant and his stepdaughter in his bedroom—during which he admitted to child sexual abuse and solicited sex—qualified as "oral communications" made with an expectation of privacy; therefore, the recordings fell within the statute prohibiting the interception of oral communications without the consent of all parties and were inadmissible in the prosecution for sexual battery on a child under 12. *McDade*, 154 So. 3d at 297-300.

Additionally, in *Horn v. State*, this Court held that the contents of a telephone conversation, obtained by a third party through eavesdropping, with an extension receiver, without the knowledge of either party were inadmissible, and that testimony concerning the intercepted conversation was prejudicial and

required a new trial. *See Horn v. State*, 298 So. 2d 194 (Fla. 1st DCA 1974).

E.K. recorded the altercation between Judkins and Coker. E.K. took this recording while Coker and Judkins were in the living room, and she was in her bedroom. Neither Coker nor Judkins knew E.K. was recording their altercation from the next room over. As sections 934.03 and 934.06 have been interpreted in both *McDade* and *Horn*, the audio E.K. secretly recorded was erroneously admitted.* We further find that the erroneous admission was not harmless beyond a reasonable doubt. *See e.g., Schluck v. State*, 329 So.3d 231, 239 (2021).

Judkins further argues that, because the audio recording was improperly admitted, the trial court erred in denying his motion for judgment of acquittal because without the recording, there would not have been competent evidence supporting the convictions. This argument improperly analyzes a sufficiency of evidence claim when some of the State's evidence was erroneously admitted. When evaluating the sufficiency of the evidence, the reviewing court must consider *all* evidence presented at trial, including evidence that may have been admitted in error. *See Redd v. State*, 49 So. 3d 329, 335 n.3 (Fla. 1st DCA 2010) ("We are required to consider even erroneously admitted evidence when reviewing the denial of a motion for judgment of acquittal."); *see also Lewis v. State*, 754 So. 2d 897, 902 (Fla. 1st DCA 2000) ("[I]n reviewing the denial of the motion [for judgment of acquittal], we are to consider *all* evidence admitted at trial, whether or not it was erroneously admitted."); *Barton v. State,* 704 So. 2d 569, 573 (Fla. 1st DCA 1997) (holding that a defendant is not entitled to "a

---

* We reject the State's argument the admission was proper because Judkins had no reasonable expectation of privacy when he made the threatening statements. *State v. Foster*, 323 So. 3d 209 (Fla. 4th DCA 2021), which reversed an order that had granted suppression of a surreptitious recording on the ground that the appellant had a reasonable expectation of privacy, does not require a different result. The recorded conversation in *Foster* occurred in a state correctional institution.

judgment of acquittal merely because evidence that is critical to the court's finding of sufficiency was improperly admitted.").

Accordingly, we reverse and remand for a new trial with the instructions to exclude the audio recording.

M.K. THOMAS and TREADWELL, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Justin F. Karpf, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Robert Charles Lee, Assistant Attorney General, Tallahassee, for Appellee.